Nott, J.,
delivered the opinion of the court:
This is an action brought to recover $3,516 21, being a balance due under a parol agreement for the transportation of army supplies.
Serious doubts are entertained by the court whether a payment made by a quartermaster within six years of the time of bringing the action, can take the case out of the statute of limitations,, especially when the balance was never admitted by the defendants’ agents to be due, and the payment was made by them avowedly upon another and different contract, previously subsisting between the parties, though relating to the same services. But inasmuch as this statute of limitations is going-up to the Supreme Court for a construction in other cases and upon various points, and inasmuch as a majority of the judges are agreed as to the claimants’ right to recover upon the merits, it has been thought best to forego expressing an opinion on the point and to reduce our decision to the following formal findings of fact:
I. The firm of J. C. and H. C. Burbank & Co. contracted with Major McKinstry, a duly authorized quartermaster of the defendants, on the 23d May, as follows:
u Fourth. That they will receive at St. Paul, Minnesota, store, *467 attend to forwarding and transporting all public stores delivered to them at the rates following, to toit:
u From St. Paid to Port Abercrombie, Dalcota Territory, $2 90 per one hundred pounds, to be transported overland in water-proof covered wagons. Time, about twelve days, or with privilege of carrying between St. Anthony cmd St. Cloud, during the season of navigation by steamboats, balance of route by %oater-proof covered wagons, between the 15th of April and loth of September, from St. Paul to Port Abercrombie, Dalcota Territory, at $2 40 per one hundred pounds; and for allpublic stores delivered to them between the loth of September and the 15th of April, at St. Paul, Minnesota, at the rates following, to wit:
u Prom St. Paul to Port Abercrombie, Dalcota Territory, $3 05 per one hundred.”
Tbe contract specified no period of duration, but tbe parties acted under and in pursuance of its terms until tbe 19tb July, 1863. On that day Captain E. B. Carling, an assistant quartermaster in charge of tbe department at St. Paul, being obliged to send forward quartermaster and commissary stores to Fort Abercrombie in a military exigency, notified Burbank & Co. to receive and transport them under tbe contract referred to. But Burbank & Co. declined to receive and transport tbe goods under that contract, and refused to acknowledge its force or validity, and represented that tbe Indian hostilities bad greatly increased tbe cost of transportation. Captain Carling being unable to obtain transportation from other parties, thereupon entered into a verbal agreement with them that they should transport such supplies and should receive for their service whatever price tbe same might be reasonably worth. The firm of Burbank & Co. thereupon received and transported the goods and stores set forth in the petition, from St. Paul to Fort Abercrombie, 'and performed all the requirements of the agreement. The quartermaster, Captain Carling, fixed the value subsequently at, and the transportation was reasonably worth, $4 50 per hundred pounds. But the Quartermaster’s Department refused to allow or pay to Burbank & Co. any greater price than $2 90 per hundred pounds, for the alleged reason that the obligations of the original written contract had not been terminated by reasonable notice, and that the services should justly and legally be deemed to have been rendered thereunder and at the agreed rate of compensation.
*468 II. The services set forth in the petition were performed and completed by Burbank & Co., at Fort Ambererombie, on the 31st July, 1863. On the 1st October, 1863, the firm was paid by the quartermaster at St. Paul $6,393 12, being a payment at the rate of $2 90 per hundred pounds, and leaving unpaid a balance of $3,516 21. This balance the defendants then and there refused to pay, and it still remains unpaid, as is correctly alleged and set forth in the petition. The petition by which this action was commenced on such alleged indebtedness was filed in this court the 26th August, 1869, being more than six years from the time the services were performed, and less than six years from the time of payment and refusal, as described.
And upon these facts the Court of Claims, as a conclusion of law, decides:
1. That the claimants have a good and valid cause of action upon the parol agreement set forth in the second finding of fact for the fair and reasonable value of the services rendered by them to the defendants, and that they should recover the balance remaining due thereupon, to wit, the sum of $3,516 21.
2. That the claimants are not barred from maintaining this suit upon the facts set forth in the second finding under and within the real intent and meaning of the Act 3d March,, 1863, (12 Stat. L., p. 765, sec. 10.)
The judgment of the court is that the claimants recover of the defendants for the use of the claimant, Amherst H. Wilder, the sum of $3,516 21.