# ED. THEE, et al., Respondents, v. WABASH RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals.   April 4, 1921.

1. **CARRIERS: Contracts: Construction: Contract Held Agreement to Furnish Cars.** Where plaintiff notified station agent that he wanted three cars Monday, "to ship cattle," and the agent answered, "All right, they will be here," it is *held* there was no contract of shipment but merely an agreement to furnish cars.

2. **———: ———: Agents: Authority: Station Agent May Enter into Contract on Behalf of Company.** In this State a .contract entered into by a station agent on behalf of his company has been held good.

3. **———: ———: Waiver: Release Clause in an Original Written Contract does not Embrace or Relate to Prior Oral Contract Breached.** Where after breach by defendant of an oral contract to furnish cars, plaintiff signed an original written contract of shipment which contained a release clause from any causes of action by reason of any breach of prior verbal contract, but which written contract was not supported by any consideration therefor, was entirely different and had nothing to do with prior independent contract terminated by the parties as result of the breach, the contention of the defendant that the written contract released the defendant from liability for breach of the prior oral contract, cannot be sustained as the waiver clause was not intended by the parties to embrace a distinct and completed matter entirely foreign to it, and did not apply to the oral contract.

4. **TRIAL: Instructions: Oral Contract: No Error in Failing to Define "Oral Contract," Where an Instruction Defining the Same was not Requested.** There is no error in the court failing to define the term "oral contract," where no instruction was asked by defendant on this point.

Appeal from the Circuit Court of Boone County.—*Hon. D. H. Harris*, Judge.

AFFIRMED.

*N. T. Gentry* for respondents.

*McBaine, Clark & Rollins* for appellant.

ARNOLD, J.—This is an action in damages against the Wabash Railway Company based upon the violation of an oral contract made October 14, 1917, by the station agent of the defendant company at Columbia, Missouri, with plaintiffs, whereby said agent agreed to have three empty cattle cars at said station on the following day, ready for plaintiffs' use in the shipment of 56 head of fat cattle.

The petition alleges that in pursuance of said contract the plaintiffs drove their said cattle to Columbia and placed them in defendant's stock pens for shipment on October 15, 1917; that the defendant failed to have any of said cars at Columbia on that day, and failed to provide plaintiffs with the three cars in which to ship their cattle according to contract; that said cars not being furnished, plaintiffs were compelled to keep and feed said cattle until October 16th; that owing to said delay said cattle lost flesh and shrunk in weight more than they would have done had they not been delayed; that said cattle depreciated in value and were unsalable and stale on the market, and the market price of such cattle declined and plaintiffs were compelled to pay out and expend sums of money for extra feed for said cattle; wherefore plaintiffs sued for the sum of $1179.75.

Defendant's answer was, first, a general denial and, second, defendant states that this was an interstate shipment of cattle, being from Columbia, Missouri, to Chicago, Illinois, with the privilege of the National Stock Yards, Illinois; that said shipment was made under the provisions of a written contract among other terms of which was "section 8" which provided: "The parties of the second part hereto agree to assume all risk of injury or damage to, or escape of, the live stock aforesaid, which may happen to it while in the stock yards of said party

of the first part, awaiting shipment at any point on any line of railroad owned or operated by the party of the first part, and in consideration of said rate herein named, shipper hereby releases and waives any and all cause or causes of action that may have accrued to him by reason of any written or verbal contract prior to the execution of this contract.''

And as a further defense, ''section 10'' of said contract was pleaded, as follows: ''In the consideration of the rate aforesaid, it is further agreed, that no claim for damages which may accrue to the party of the second part under this contract shall be allowed or paid by the party of the first part, or sued for in any court, by the party of the second part, unless a claim for such loss or damage shall be made in writing, verified by the affidavit of the party of the second part, or his or their agent, and delivered to the freight claim agent of the party of the first part at his office in the City of St. Louis, within ten (10) days from the time said stock is removed from said cars; and it is also agreed that, if any loss or damage occurs upon a connecting line, then such line shall not be liable unless a claim shall be made in like manner, and delivered in like time, to some officer or general agent of the line on which the loss or injury occurs.''

Defendant states that the plaintiffs wholly failed to comply with the provisions of section 10; and further answering, defendant claims that the agent of defendant at Columbia had no power or authority to make an agreement with plaintiffs, or any other shipper to furnish cars at any definite time. At the close of plaintiff's case the defendant offered a demurrer to the evidence which was overruled; and again at the close of all the evidence, defendant asked a peremptory instruction in its favor which was by the court overruled. The jury returned a verdict for $723.37, upon which judgment was rendered, and defendant appealed.

The cause was instituted in the circuit court of Boone county in September, 1918, and is the second suit filed

in the case, plaintiffs, having been non-suited in a previous action on the same state of facts. The original petition was in three counts, but the first and third counts were dismissed by plaintiffs prior to the trial of the cause on April 19, 1919. From the verdict in favor of plaintiffs on the second count, defendant appealed to this court, where judgment was reversed and the cause remanded with the suggestion that "in view of the possible right plaintiffs may have to amend (concerning which we make no decision), we will not reverse the judgment outright but will remand the cause." [Thee v. Railroad, 217 S. W. 566.]

It appears from the contention of plaintiffs and the evidence produced that there were two contracts connected with this transaction, namely, (a) an oral contract to furnish three cars for the shipment of 56 head of fat cattle, upon which this suit is based, and (b) a written contract to ship 46 head of cattle. The oral contract is alleged to have been entered into on October 14, 1917, and the written contract on October 16, 1917. The oral contract was entered into first and was made up of a conversation between plaintiff Neeley and defendant's assistant station agent at Columbia. Neeley testified that on Sunday, October 14, 1917, he called the railroad station over the telephone "and the young man in the office said he would take the order and I said I wanted three cars for the next day, Monday, the fifteenth, and that we wanted to ship cattle. . . . and I asked if he would have the cars there and he said he would." Plaintiffs brought the cattle in the next day (Monday) arriving about 11 a. m. and placed them in defendant's stock pens, provided by defendant for stock awaiting shipment. The station agent then informed him that he had been unable to procure the cars for that day. This compelled plaintiffs to hold the cattle until the next day, causing an expenditure for feed, and a delay in reaching their destination which caused shrinkage and compelled a sale on a lower market.

On ascertaining that the three cars ordered on the 14th could not be had on the 15th, 10 or 12 head of the

cattle were shipped on that date in a car, together with a shipment by a neighbor. The remaining 46 head were held over until the next day when they were shipped out from Columbia to Chicago, with the privilege of the National Stock Yards, Illinois. At this time (Oct. 16th) a written contract was entered into between plaintiffs and defendants.

Plaintiffs contend that the oral contract pleaded was for furnishing cars for the purpose of shipping cattle. When one of the plaintiffs notified the station agent that he wanted three cars on Monday "to ship cattle in," and the agent answered "all right, they will be here," that was plainly no contract of shipment. It was merely an agreement to furnish the cars. [Thee v. Wabash Ry., 217 S. W. 566.] The oral contract to furnish three cars was clearly established by both plaintiff Neeley and by the memorandum entered by defendant's agent in the latter's car book and signed by Neeley. A contract entered into by a station agent in behalf of his company has been held good in this State. [Vivion v. Railroad, 172 Mo. App. 352; Miller v. Railroad, 62 Mo. App. l. c. 260; Kissell v. Railroad, 194 Mo. App. 346.]

Defendant maintains that by signing the contract of shipment on October 16, 1917, plaintiffs waived any cause of action they may have had under the oral contract to furnish cars.

The waiver in clause 8 of the written contract did not embrace, and could not embrace, without some consideration, an entirely different transaction which had been brought to an end by the action of the parties, and the damages thereon had already accrued before the execution of the written contract which concerned an original agreement and had nothing to do with a prior independent contract which had been terminated by the parties. This release clause does not relate to the contract breached and brought to an end the day before.

In discussing a similar state of facts in Vivion v. Railroad, 172 Mo. App. l. c. 355, and differentiating that case from Fountain v. Railroad, 114 Mo. App. 676, the

court says: "The release or waiver clause in the contract in that case was different from that contained in this contract. In that case the release was specifically from any cause of action by reason of any *prior verbal contract*. While in the present case we have seen, the contract came to an end and had become a closed incident; and the release was not of any cause of action accruing on a prior verbal contract, but was a release of any cause of action or damage arising on any verbal representation made prior to the writing; clearly meaning any representations made concerning the shipment in which the writing was executed. And so does the reason of the matter confine the claim to 'such prior representations and agreements' merging in the contract. We think it manifest that the waiver clause quoted was not intended by the parties to embrace a distinct and completed matter entirely foreign to it."

Applying this line of sound reasoning to the case at bar, the conclusion seems inevitable that by the execution of clause 8 of the written contract pleaded by defendant, plaintiffs did not waive any rights of action under the oral contract of October 14, 1917, which was breached by defendant by its failure to furnish three cars for shipping cattle. That contract was closed, and plaintiffs' right of action accrued upon said breach. The written contract was an entirely different one, and was for the shipment of a different number of cattle and a different number of cars.

The authorities hold that all live stock contracts must be construed liberally in favor of the shipper against the carrier. [Richardson v. Railroad, 149 Mo. l. c. 323.]

In this view of the case it is clear that the citations of defendant in support of any other theory than the above do not apply.

The contention of defendant that the court erred in permitting plaintiffs to introduce papers addressed to defendant relative to clause 10 of the written contract is untenable in the light of the views herein expressed

to the effect that the written contract pleaded by defendant does not affect the operation of the oral contract to furnish cars.

Defendant complains that the court erred in giving instruction numbered one for plaintiffs in this—that it left the jury to determine from the evidence what is an "oral contract." This contention does not merit serious consideration. There could have been no doubt in the minds of intelligent jurymen as to what an oral contract means, and we cannot consider as prejudicial a failure of the court to instruct as to the meaning of the term. Defendant failed to ask any instruction on this point and he may not now be heard to complain.

There was ample evidence produced on the part of plaintiffs to sustain the verdict; and, as the jury passed upon the same, the finding will not be disturbed for that reason. We find no reversible error in the case. In accordance with the views herein expressed, the judgment is affirmed.

All concur.