VALENTINE v. KING MANFG. CO.

1. APPEAL AND ERROR—DECLARATION TREATED AS AMENDED ON
   APPEAL.
   Defendant's motion to strike first count from plaintiff's amended
   declaration, on ground that it did not state complete cause of
   action, was properly denied, since amendment should be al-
   lowed, if necessary, in Supreme Court, to meet objection
   (Court Rule No. 19[1931]; former Circuit Court Rule No. 22).

2. CONTRACTS—OFFER AND ACCEPTANCE—WORK AND LABOR.
   Resolution adopted by board of directors that employee's com-
   mission be certain amount, where followed by service rendered
   and accepted, must be construed as offer to employ and accept-
   ance of said offer, constituting contract of hire.

3. EVIDENCE—CONSTRUCTION OF CONTRACT—AMBIGUITY—PAROL EVI-
   DENCE.
   Where resolution adopted by board of directors offering employ-
   ment to employee was so uncertain and ambiguous that its
   acceptance left contract of employment uncertain and in-
   definite, extrinsic testimony should have been admitted to
   explain ambiguous terms of said resolution.

Appeal from Wayne; Runnels (Herbert W.), J.,
presiding. Submitted October 4, 1932. (Docket
No. 3, Calendar No. 36,626.) Decided December 6,
1932. Rehearing denied March 2, 1933.

Assumpsit by Richard F. Valentine against King
Manufacturing Company, a Michigan corporation,
on a contract of employment. Judgment for plain-
tiff. Defendant appeals. Reversed.

*Kamman & Tuer* (*Younglove & Chockley*, of
counsel), for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendant.

North, J. Plaintiff brought suit for a balance which he claimed was due to him from defendant as salary computed on a commission basis. He had judgment for $2,836.37; and defendant has appealed.

Defendant is a Michigan corporation engaged in manufacturing a product marketed in the United States, the Dominion of Canada, and various other foreign countries. Early in 1925 plaintiff entered defendant's employ under the following agreement:

"We agree to pay you, during 1924 (1925), on shipments into our domestic territory (which includes the United States and Canada), a commission of five per cent. on all sales in this territory up to $100,000; seven and one-half per cent. on all sales in excess of $100,000."

Plaintiff's employment continued under the above terms until January 5, 1928, on which date at the annual meeting of the directors of the defendant company the following resolution was passed:

"Moved by C. H. Bennett, supported by E. C. Hough, that R. F. Valentine's commission be five per cent. on $100,000 and seven and one-half per cent. on any amount over $100,000. Carried."

Plaintiff continued in defendant's employ during the year 1928 under the above resolution. Theretofore he had discharged the duty of sales manager, but during 1928 he acted as general manager and vice-president of defendant company. At the end of the calendar year defendant dispensed with plaintiff's services and tendered him a check for $680.83, claimed by defendant to be the balance of commis-

sions due plaintiff. The computation by which the amount tendered plaintiff was determined included commissions on defendant's sales in the United States and Canada only. Plaintiff claimed that the amount tendered was insufficient, and then asserted for the first time that he was entitled to commissions upon all sales of defendant for the year 1928. Defendant refused to pay commissions on sales other than those in the United States and Canada. This suit followed, and, on trial before the court without a jury, judgment was rendered for plaintiff as above stated.

On appeal to this court the defendant asserts that the trial court was in error in denying defendant's motion to strike the first count from plaintiff's amended declaration on the ground that it did not state a cause of action. We forego detailed discussion, and hold that, even if defendant's contention that the count does not state a complete cause of action is well grounded, still an amendment should be allowed, if necessary, in this court to meet the objection. See Court Rule No. 19 (1931), and former Circuit Court Rule No. 22.

In his opinion the trial court held:

"The resolution passed by defendant's board of directors on June (January) 5, 1928, is clear and unambiguous. It includes all sales, it being significant that the limitation as to domestic sales contained in the first contract of hiring had been eliminated therefrom.

"Defendant seeks to avoid the effect of this resolution, claiming that it does not constitute a contract of hiring."

We think the contention of defendant as just above stated in the opinion of the trial court is not tenable. Plaintiff was present and took part in the

directors' meeting at which the quoted resolution was passed. Plaintiff's services for the ensuing year were rendered by him under this resolution for his employment. Under such circumstances defendant's resolution must be construed as an offer to employ plaintiff, and the services subsequently rendered by him and accepted by defendant constitute an acceptance of the offer. Hence defendant's contention that its motion for plaintiff's employment, notwithstanding it was subsequently consummated by the rendering and acceptance of services thereunder, did not constitute a contract of hire, cannot be sustained. 14A C. J. p. 761.

The remaining question presented in this appeal is whether or not the motion for defendant's employment was so incomplete and indefinite, in view of all the surrounding circumstances, as to leave the terms of the contract of hire ambiguous and therefore subject to explanation and amplification by extraneous testimony. As noted in the above-quoted portion of the circuit judge's opinion, he held that this motion or resolution "is clear and unambiguous." With this holding we are unable to agree.

A literal reading of the above-quoted motion makes it applicable to all sales without regard to the territory wherein such sales were made; and it must be so construed unless it appears from the record that the terms in which the motion is expressed are so indefinite, uncertain, and incomplete as to make explanation and amplification by extraneous testimony admissible, including the construction (if any) that the parties themselves have placed upon the contract. That the motion is not a plenary embodiment of the contract terms is too evident

for argument. Except by implication, it does not state on what plaintiff's commissions are to be computed, whether on sales or profits or some other basis; if on sales, the motion contains no provision as to canceled sales or goods returned; it contains no provision as to when the commissions are considered earned and payable; nor does it specify any period covered by the contract. In addition to the above, unlike plaintiff's former contract, this motion does not limit the territory in which the sales were to be made on which plaintiff's commission was based; nor on the other hand, does it specify that his commission is to be computed on all of defendant's sales. It is, therefore, obvious that there was no attempt to cover all the details of plaintiff's employment. Obviously the terms of the motion passed by the directors on January 5th left the contract relations between these parties so uncertain and indefinite as to justify the taking of extrinsic testimony in the light of which the actual contract between the parties can be ascertained.

In making his case plaintiff offered testimony of a conversation with a director who seemed to occupy the position of a manager of the defendant company. Plaintiff claimed that this conversation shortly preceded, led up to, and explained the motion passed by the directors on January 5th following. Defendant's objection to this testimony was sustained. We think it should have been received. Later, when defendant was making its case, it also offered testimony which it claimed tended to explain the terms of the contract. We do not here pass upon the admissibility of the particular testimony offered by defendant; but if competent testimony of this character was offered, we think it also should

have been received. The record now before us is such that the rights of the respective parties cannot be fully considered and accurately adjudicated. This can be done only after the receipt of any competent testimony which will tend to explain, qualify, or amplify the ambiguous terms of the motion passed at the directors' meeting on January 5th.

The judgment entered in the circuit court will therefore be set aside, and the case remanded for a new trial. The costs on this appeal will abide the final outcome of this suit.

Clark, C. J., and McDonald, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.