COURTNEY v. GIBSON *et. al.*

No. 5361.   Opinion Filed December 7, 1915.

(153 Pac. 677.)

1. **APPEAL AND ERROR—Law of the Case—Decision on Former Appeal.** All questions of law determined in a former appeal become the law of the case, both for the trial court and on appeal, where the evidence is substantially the same.

2. **SAME.** Where a case was tried before statehood in the Indian Territory, and carried by appeal to the appellate court of that Territory, in which appeal questions of law were determined, and the judgment reversed and the case remanded for a new trial, which was had after statehood, and substantially the same evidence was introduced as on the first trial, held, that the questions of law determined by the appellate court of the Indian Territory became the law of the case.

3. **TRIAL—Demurrer to the Evidence—Judgment—Submission of Issues.** Upon sustaining a demurrer to the evidence, the court should render such judgment as the state of the pleadings and proof demand, and it is improper to submit any issue to the jury, for the effect of a demurrer to the evidence is to take from the jury and refer to the court the application of the law to the admitted facts.

4. **APPEAL AND ERROR—Harmless Error—Submission of Issues —Judgment.** In such case, however, it is not prejudicial error

to submit the issues to the jury, when the same judgment is rendered on the verdict as should have been rendered on the demurrer.

(Syllabus by Devereux, C.)

*Error from District Court, Craig County;*
*Preston S. Davis, Judge.*

Action by J. L. Courtney against A. H. Gibson and another. Judgment for defendants, and plaintiff brings error. Affirmed.

This action was brought prior to statehood in the United States Court for the Northern District of the Indian Territory, and resulted in that court in a judgment for plaintiff, which was reversed on appeal by the Court of Appeals for the Indian Territory, in *Bartles v. Courtney,* 6 Ind. T. 379, 98 S. W. 133, and the case remanded for a new trial. Prior to the new trial, statehood intervened, and the case was properly transferred to the state district court. On the trial in that court, substantially the same evidence was offered by the plaintiff, and at the close of the evidence a demurrer thereto was sustained as to both defendants, and a verdict directed in their favor, and from the judgment the plaintiff brings the case to this court by petition in error and case-made.

*W. H. Kornegay,* for plaintiff in error.

*James S. Davenport,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). We have carefully examined the record in this case, and the report of the same case when heard by the Court of Appeals for the Indian Territory, and the evidence appears to be substantially the same. In fact, by stipulation of the parties, a large part of the evidence on

this trial was read from the bill of exceptions on the former appeal. This being the condition of the record, the law of the case was settled by the decision of the Court of Appeals for the Indian Territory.

In *Sovereign Camp of Woodmen of the World v. Bridges,* 37 Okla. 430, 132 Pac. 133, the case was first tried, as in the case at bar, in a court of the Indian Territory, and carried by appeal to the Circuit Court of Appeals for the Eighth Circuit, where the judgment was reversed and the case remanded for a new trial, which was had in the state courts. The court says:

"It is well settled that all questions of law determined in a former appeal became the law of the case, both for the trial court and the Court of Appeals, on a second hearing, provided the facts presented in the second hearing are substantially the same as presented in the first. *Okla. C. Elect., G. & P. Co. v. Baumhoff,* 21 Okla. 503 [96 Pac. 758]; *Metropolitan R. Co. v. Fonville,* 36 Okla. 76 [125 Pac. 1125]; *A., T. & S. F. Ry. Co. v. Baker,* 37 Okla. 48 [130 Pac. 577]."

And see, also, *Leonard v. Showalter,* 41 Okla. 122, 137 Pac. 346; *Kirby v. Hardin,* 41 Okla. 609, 134 Pac. 854; *St. L. & S. F. R. Co. v. Clark,* 42 Okla. 638, 142 Pac. 396; *Corder v. Purcell,* 50 Okla. 771, 151 Pac. 482.

On the authority of the above cases, the court committed no error in sustaining the demurrer to the evidence.

Objection is also made to the action of the court in directing a verdict for the defendants. This was not proper, for the effect of a demurrer to the evidence is to take from the jury and refer to the court the application of the law to the admitted facts, and if the demurrer is sustained, the defendant is entitled to a judgment in his favor. Rev. Laws 1910, sec. 5002, subdiv. 3, provides:'

"The party on whom rests the burden of the issues must first produce his evidence; after he has closed his evidence the adverse party may interpose * * * a demurrer thereto, upon the ground that no cause of action or defense is proved. If the court shall sustain the demurrer, such judgment shall be entered for the party demurring as the state of the pleadings or the proof shall demand. If the demurrer be overruled, the adverse party will then produce his evidence."

And this was the rule at common law. See *United State Bank v. Smith*, 11 Wheat. 171, 6 L. Ed. 443; *Suydam v. Williamson*, 20 How. 427, 436, 15 L. Ed. 978. But the plaintiff in error cannot complain, as the same judgment was rendered on the verdict as should have been rendered on the demurrer, and the irregularity of directing a verdict was harmless error. Rev. Laws 1910, sec. 6005.

We, therefore, recommend that the judgment be affirmed.

By the Court: It is so ordered.