BUTTS et al. v. LARISON.

No. 7751—Opinion Filed Aug. 14, 1917.

Rehearing Denied Feb. 12, 1918.

(170 Pac. 500.)

1. **Appeal and Error — Scope of Review— Record or Case-Made.**

The Supreme Court on appeal may properly consider only those questions before it upon the record or case-made.

2. **Executors and Administrators — Settlement of Account—Conclusiveness—Statute.**

By virtue of section 6443, Rev. Laws 1910, the settlement of the account of an administrator and the allowance thereof by the county court is not conclusive against one laboring under any legal disability, but such person may, at any time before final distribution of the estate, proceed by action against the administrator, either individually or upon his bond.

3. **Action on Administrator's Bond—Judgment—Evidence.**

Evidence examined, and held sufficient to sustain the judgment.

(Syllabus by Bleakmore, C.)

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by Oliver H. Larison against Mary F. Butts and others. Judgment for plaintiff, and defendants bring error. Affirmed.

C. B. Leedy and Charles Swindall, for plaintiffs in error.

Chas. R. Alexander, for defendant in error.

Opinion by BLEAKMORE, C. On November 22, 1913, Oliver H. Larison, plaintiff below, commenced this action to enforce the obligation of a bond executed on January 26, 1907, by Mary F. Butts (formerly Mary F. Larison), administratrix of the estate of her deceased husband, Levi Larison, as principal, and C. L. Elliott, G. W. Keneaster, and C. E. Cashman, as sureties, conditioned on the faithful discharge of her duties as administratrix according to law. It was alleged that the conditions of such bond were breached by the failure of the principal to perform the duties imposed upon her by law, in that as such administratrix she converted to her own use the entire assets of said estate, one-half of which was the property of plaintiff, the minor child and heir of the intestate; and it is further set forth in the petition:

"Plaintiff further alleges and says that on the 12th day of April, 1911, in the district court of Ellis county, state of Oklahoma, in a certain case therein pending in which the said Oliver H. Larison was plaintiff and the said defendant Mary F. Butts was defendant, and by the consideration of the said court, to wit, the district court of Ellis county, state of Oklahoma, the plaintiff recovered a judgment against the said defendant Mary F. Butts for the sum of $724.40 by reason of the said defaults on the part of said defendant while acting as such administratrix as above mentioned and set out, and by reason of her conversion of the said property of said estate and the undivided one-half interest therein, while acting as such administratrix and failing to account for the same as above set out; that said judgment has become final and fixed, thereby establishing the liability of the defendants and each of them in this case. * * *"

Attached to and made a part of the petition is the judgment declared on, wherein it is recited:

"The court further finds that the property involved in this case at the time of the order of distribution thereof and setting the same aside to the said defendant was the property of both plaintiff and defendant, each owning an undivided one-half interest therein, and that such order and the order discharging the defendant as the administratrix and her bondsmen was unwarranted and wrongfully made, and that said defendant has wrongfully taken and converted the said property of the plaintiff to her own use and benefit, and has failed and refused to account for said property of the plaintiff which came into her hands as such administratrix, and failed as such to report all the personal estate to the probate court and cause the same to be appraised; that there is now due from the defendant to the plaintiff the sum of $724.40; and that the plaintiff should recover from the defendant in this suit the said sum of money, together with his costs."

To the petition Mary F. Butts demurred, as did also her codefendants. Their demurrers were overruled, and Elliott, Keneaster, and Cashman only answered, admitting the execution of the bond in suit, but denying

generally the other allegations of the petition, and also pleading:

"That the wheat crop which their codefendant Mary F. Butts, formerly Mary F. Larison, converted to her own use and upon which said judgment was rendered against her," was exempt personal property, etc.

To the second paragraph of the answer plaintiff interposed a demurrer, which was sustained.

Upon the cause proceeding to trial plaintiff offered in evidence the bond sued on and the judgment obtained by him in the district court of Ellis county against Mary F. Butts; whereupon Elliott, Keneaster, and Cashman, declining to offer any evidence, moved to dismiss the cause on the ground that the evidence adduced by plaintiff was insufficient to sustain the allegations of the petition. Such motion was overruled, judgment was rendered for plaintiff, and defendants have brought the case here for review.

In their brief defendants state:

"That the judgment rendered in the district court of Ellis county on April 12, 1911, against Mary F. Larison was void for the reason that said action was an original action commenced in the district court of Ellis county, and was not an appeal from the probate court, or the county court, and that the district court of Ellis county had no jurisdiction or authority to attack collaterally the judgment and decree of the probate court of Woodward county, Okla., and that, if any errors were committed by the probate court of Woodward county in setting aside the part to the widow, Mary F. Larison, instead of Mary F. Larison and Oliver H. Larison, that appeal should have been taken from such order and judgment. * * *"

The attempt to submit this matter for review must prove futile, for the reason that neither by pleading nor otherwise in the instant case is any record of the proceedings in the county court of Woodward county showing final distribution of the estate presented for our consideration; and this court may properly determine only those questions before it upon the record or case-made.

There having been no final distribution of the estate in question, the proceedings in which the judgment produced in evidence was rendered, as also the present action, was properly maintainable by plaintiff (who at the time of the discharge of defendant Mary F. Butts as administratrix, referred to in the recitals of such judgment, was laboring under the legal disability of minority), by virtue of section 6443, Rev. Laws 1910, which provides:

"The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate, saving, however, to all persons laboring under any legal disability their right to move for cause to reopen and examine the account, or to proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution; and in any action brought by any such person, the allowance and settlement of such account is prima facie evidence of its correctness."

The judgment in the former action against Mary F. Butts established her failure to discharge the duties of administratrix under the law, by converting to her own use property of the estate in her custody belonging to plaintiff, and determined her liability therefor in the sum adjudged against her. Her codefendants here, as sureties on her bond as administratrix, were obligated by the terms of such bond to the same extent to which she was bound; and, such judgment, in our opinion, was admissible in evidence against them, and sufficient to establish their liability in the instant case.

The demurrer to the second paragraph of the answer was properly sustained.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.