### CITY OF CUSHING v. STANLEY.

No. 8404—Opinion Filed Feb. 26, 1918.

Rehearing Denied May 7, 1918.

(172 Pac. 628.)

(Syllabus.)

1. **Municipal Corporations — Defect in Streets — Personal Injury.**
Petition examined, and held to state a cause of action.

2. **Negligence — Question for Jury — Taking Issue from Jury.**
What is negligence is generally, under proper instructions, a question for the jury. And when competent evidence has been admitted to prove negligence, it is only where the standard of duty is capable of being determined as a matter of law, or where, under the undisputed facts, reasonable men could not draw different conclusions respecting the question of negligence, that the court is warranted in taking the question of negligence from the jury.

Error from District Court, Payne County; A. H. Huston, Judge.

Action by Willie A. Stanley against the City of Cushing. Judgment for plaintiff, and defendant brings error. Affirmed.

Weldon & Mitchell, for plaintiff in error.

Thos. G. Andrews, F. A. Rittenhouse, and Robert Lowry, for defendant in error.

BRETT, J. In this case the defendant in error sued the city of Cushing and recovered a judgment, and from this judgment the city has appealed.

The material facts in the case are that defendant in error, a married lady, was driving a span of horses, hitched to a buggy, and they became frightened at some children coming up behind them on roller skates. The horses ran and it is alleged that on Broadway, one of the main thoroughfares of the city, the street had been permitted to remain in an unsafe condition, by reason of deep and dangerous holes in the middle of said street; that the defendant in error had almost regained control of the horses, and would have been able to have stopped them without injury, but for the fact that the buggy plunged into one of these holes in the street, and threw her from the buggy, to and upon the street, with great force and violence, from which fall she sustained painful and serious injuries.

The city in its brief presents but two questions: First, that the court erred in not sustaining its demurrer to the petition; and second, that the court erred in not sustaining its demurrer to the evidence.

The petition alleges in substance that it was the duty of the city to keep and maintain its streets in a reasonably safe condition for the use of those who had occasion to travel upon them; that this street was, and had negligently been, permitted to remain in an unsafe and dangerous condition at the point where the defendant in error received her injuries; and that such negligence was the proximate cause of her injuries. The facts thus pleaded stated a cause of action, and the court properly overruled the demurrer to the petition.

On the proposition that the court erred in not sustaining the demurrer to the evidence, we will say that whether the street had negligently been permitted to become and remain in an unsafe and dangerous condition, and whether such negligence was the proximate cause of the injuries sustained by the defendant in error, were questions of fact to be determined by the jury. For what is negligence is generally, under proper instructions, a question for the jury. And when competent evidence has been admitted to prove negligence, it is only where the standard of duty is capable of being determined

as a matter of law, or where under the undisputed facts reasonable men could not draw different conclusions respecting the question of negligence, that the court is warranted in taking it from the jury. And neither of these conditions existed in the case at bar. For there was a sharp conflict between the testimony offered on behalf of the city and that offered on behalf of the defendant in error, both as to the condition of the street and as to the circumstances under which the accident occurred. There was testimony on behalf of the defendant in error to the effect that the hole into which the buggy plunged was about 3 by 6 feet, and from 18 inches to 2 feet deep. And the evidence of the defendant in error also was that her injuries were not only temporarily painful, but resulted in a miscarriage, and had greatly impaired her health. And under these conditions the evidence was properly submitted to the jury. Littlejohn v. Midland Valley Ry. Co., 47 Okla. 204, 148 Pac. 120.

The judgment is affirmed.

All the Justices concur.