PROGRESS BREWING CO. et al.
v. THOMPSON et al.

No. 33821.　Sept. 26, 1950.

222 P. 2d 748.

A. M. Covington, of Tulsa, for plaintiffs in error.

Primus C. Wade, of Tulsa, for defendants in error.

LUTTRELL, J. This action was brought by Ollie M. Thompson against defendants, J. S. Bryan & Son, a corporation, Progress Brewing Company, Inc., a corporation, Bryan & Sons, a special copartnership, and Wallie Werr, to recover damages for personal injuries. At the close of plaintiff's evidence the defendants, J. S. Bryan & Son, Bryan & Sons, and Progress Brewing Company, demurred to the evidence of plaintiff and when the demurrer was overruled elected to stand thereon and offered no testimony. The defendant Wallie Werr, according to the recitals of the journal entry of judgment, introduced some evidence which, however, is not contained in the record. At the conclusion of the evidence the trial court submitted the cause to a jury, which returned a verdict in favor of the plaintiff and against the defendants, J. S. Bryan & Son, Bryan & Sons, and Progress Brewing Company. From the judgment rendered upon the verdict, the defendants appeal.

From the record it appears that plaintiff, on April 30, 1947, while returning to her home about midnight with a girl companion, tripped upon a wire hanging from a sign in front of a beer tavern on Greenwood avenue, in the city of Tulsa, and injured her knee. Her petition alleged these facts, and alleged that the defendants erected and maintained the sign. The answer of defendants J. S. Bryan & Son and Bryan & Sons was, in effect, a general denial, and the answer of the Progress Brewing Company, in addition to a general denial, specifically denied that it had placed the sign at the place specified in plaintiff's petition, denied that there was any wire attached to the sign by any of its agents or employees, and denied any knowledge of such wire. It further alleged contributory negligence on the part of plaintiff.

The evidence introduced by plaintiff established the fact that she had the accident; that the sign erected on top of the pole bore the words "Progress Beer" and that the sign was placed

there by an employee of Wallie Werr, who apparently was an independent contractor engaged in the business of handling and erecting signs. The record is wholly devoid of any testimony or evidence of any kind showing that the sign was erected by, owned, or maintained by any of the appealing defendants, or that any of them had any connection whatever with the maintenance of the sign in any respect.

Defendants first contend that the evidence is wholly insufficient to establish that they had any connection whatever with the sign, either of ownership or maintenance, and that therefore the trial court should have sustained their demurrer to plaintiff's evidence. We think this contention is well taken and must be sustained.

Plaintiff in her brief, in effect, admits that there is no evidence connecting the appealing defendants with the sign in any way, but asserts that in his opening statement counsel for defendants made certain statements or admissions as to the relationship between the defendants which undoubtedly were considered by the jury, and tended to sustain the verdict of the jury. The opening statement is not contained in the record, nor is there in the record any admission by counsel, or finding by the trial court, as to the nature of any admission made by counsel for defendants in his opening statement which supports the assertions made in plaintiff's brief. Counsel for defendants strenuously denied that he said anything in his opening statement which could be construed as an admission of any obligation upon the part of defendants to maintain or operate the sign, or to reflect any ownership of the sign by them.

We have repeatedly held that the opening statement of counsel is not a part of the record on appeal unless made so by bill of exceptions or incorporated in the case-made. Collinsville Nat. Bank v. Ward, 96 Okla. 140, 220 P. 864; Meeks v. Oklahoma Nat. Bank of Skiatook, 129 Okla. 280, 264 P. 609.

In Webb v. Brown, 195 Okla. 256, 156 P. 2d 1016, we said:

"In the consideration and disposal of the issues presented to us, we are confined to what is contained in the record and cannot accept unsupported statements in the briefs of the parties representing what the trial court did, as being before us as the basis for our decision."

In Butts v. Larison, 69 Okla. 150, 170 P. 500, we said:

"The Supreme Court on appeal may properly consider only those questions before it upon the record or case-made."

It necessarily follows that we may not consider any statements made by counsel for defendant in his opening statement where the same are not preserved in the case-made, or in some other appropriate manner, and that in the absence of any evidence showing any duty or obligation upon the appealing defendants to maintain the said sign, or any ownership by them of the same, the trial court should have sustained the demurrer of appealing defendants to plaintiff's testimony and rendered judgment in their favor. 12 O. S. 1941 §577, subd. 3; Courtney v. Gibson, 52 Okla. 769, 153 P. 677.

Reversed, with directions to render judgment in favor of defendants, J. S. Bryan & Son, Progress Brewing Company, and Bryan & Sons.

ARNOLD, V.C.J., and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.