**M. A. EVANS, Plaintiff In Error,**

v.

**IDEAL BRICK AND BRIKCRETE MANU-FACTURING COMPANY, Inc.,**
Defendant In Error.

No. 36242.

Supreme Court of Oklahoma.

July 5, 1955.

Rehearing Denied Sept. 13, 1955.

G. C. Spillers and G. C. Spillers, Jr., Tulsa, for plaintiff in error.

Wheeler & Wheeler, John M. Wheeler, John Wheeler, Jr., Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was originally brought by M. A. Evans, hereinafter referred to as plaintiff, against Ideal Brick and Brikcrete Manufacturing Company, Inc., hereinafter referred to as defendant, to recover certain unpaid salary allegedly due to plaintiff for his services as president of the defendant corporation. Defendant answered denying liability and filed its cross-petition alleging six causes of action against plaintiff. Judgment was rendered for plaintiff and against defendant upon

all counts except defendant's third cause of action. In its third cause of action defendant alleged that plaintiff held certain shares of stock of defendant corporation, which stock had been issued to plaintiff without any consideration therefor and was therefore absolutely void under the provisions of Article IX, section 39, of the constitution of the State of Oklahoma, and prayed that all such stock be cancelled. The trial court rendered judgment for defendant on its third cause of action, declaring plaintiff's stock in defendant corporation to be absolutely void and ordering the same cancelled. Plaintiff appeals from the judgment on defendant's third cause of action by transcript and bill of exceptions.

Plaintiff asserts in his only assignment of error that the trial court erred in cancelling the plaintiff's stock in the defendant corporation without requiring the defendant corporation to reimburse the plaintiff in the amount of the actual consideration which the plaintiff admittedly paid therefor. Plaintiff admits that the stock in question is void in view of the constitutional provision above referred to and therefore subject to cancellation, but asserts that because of the provisions of 15 O.S.1951 § 235, dealing with rescission of contracts, any judgment cancelling such stock must be conditioned upon the restoration of any consideration actually paid therefor.

The factual situation involved, as revealed by the pleadings and bill of exceptions, is substantially as follows:

The Ideal Brick Manufacturing Company was organized in 1947, with plaintiff as president thereof. In December of 1948, a second corporation, the Ideal Brikcrete Manufacturing Company, was organized with plaintiff as president thereof. At the time of the organization of the second corporation, the first corporation, Ideal Brick Manufacturing Company, owed plaintiff $6,500 for unpaid salary which was carried on his open account with that company. Plaintiff was issued $6,500 par value of capital stock in the second corporation for the consideration of the cancellation of the first corporation's indebtedness to plaintiff for unpaid salary. In other words, plaintiff was issued stock in the second corporation for the sole consideration of services rendered to the first corporation. Thereafter, in December of 1949, the two above-named corporations were merged into the Ideal Brick and Brikcrete Manufacturing Company, defendant herein. At the time of such merger, the stockholders in the two corporations received stock in the defendant corporation in exchange for or in lieu of their stock in the first two corporations. The stock in defendant corporation received by plaintiff as a result of such merger is the stock which defendant seeks to cancel in its third cause of action. Defendant, by its pleadings, contended that plaintiff's stock was issued without any consideration therefor and was absolutely void. Plaintiff, in his pleadings, contended that full consideration had been paid for such stock and that it was entirely valid and not subject to cancellation. The case was tried to a jury, but defendant's third cause of action, concerning the cancellation of plaintiff's stock, was reserved for trial before the trial judge. At the conclusion of the evidence, plaintiff conceded that his stock was void, being in violation of Article IX, Section 39, of the state constitution, but moved that he be permitted to amend his pleadings to plead that defendant be required to tender to plaintiff the sum of $6,500 as a prerequisite to the cancellation of such stock, or in the alternative that he have judgment against defendant for such sum, which motion the court overruled and plaintiff excepted thereto. The court then rendered the judgment appealed from.

Article IX, Section 39, of the state constitution provides that no corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof, and that all fictitious increase of stock or indebtedness shall be void.

█ Although it does not appear that we have heretofore determined the precise question here presented, we have in sev-

eral cases considered the effect of the above-quoted constitutional provision and uniformly held that stock issued in contravention of such provision is illegal and absolutely void. Lee v. Cameron, 67 Okl. 80, 169 P. 17; Webster v. Webster Refining Co. of Okmulgee, 36 Okl. 168, 128 P. 261, 47 L.R.A.,N.S., 697; Bentley v. Zelma Oil Co., 76 Okl. 116, 184 P. 131. In both Lee v. Cameron, supra and Webster v. Webster Refining Co. of Okmulgee, supra, however, we cited with approval the Wisconsin case of Clarke v. Lincoln Lumber Co., 59 Wis. 655, 18 N.W. 492, which does involve the question here presented. In that case it is held:

"Under the statute (sec. 1753, R.S., as amended by ch. 93, Laws of 1881) prohibiting the issue of stock by any corporation at less than its par value and invalidating all stock so issued, a subscriber for stock under an agreement that it shall be issued to him at less than its par value, though his act is not expressly prohibited, is in pari delicto with the corporation and cannot maintain any action upon the contract *or recover back money paid under it.* Cases in which the contract was not prohibited by law, but was void because of the incapacity of a party or because not made or evidenced in the manner prescribed, and in which the contract was declared void by law as to one party in order to protect the other against injustice and oppression, distinguished." (Emphasis added.)

To the same effect see also Thronson v. Universal Mfg. Co., 164 Wis. 44, 159 N.W. 575. It should be noted that the Wisconsin statute involved has substantially the same provision as the Oklahoma constitutional provision above mentioned, and the Wisconsin cases above cited are therefore very much in point. On the other hand, the cases cited by plaintiff from Delaware, Michigan, New Jersey, Utah and California, cannot be regarded as being in point because none of those states have a constitutional or statutory provision comparable to that of Oklahoma or Wisconsin. Furthermore, in 17 C.J.S., Contracts, § 280, page 669, we find the general rule stated as follows:

"While there are cases to the effect that, as long as a party retains the benefit of an agreement he will not be allowed to avail himself of its illegality, they are contra to the weight of authority and are opposed to the general rule already stated, it being ordinarily held that, where the contract is void because of illegality, its repudiation by one party does not give the other a right to have restored to him what he parted with under it."

The following cases are then cited in support of such statement:

Pacific Wharf & Storage Co. v. Standard American Dredging Co., 184 Cal. 21, 192 P. 847; Pacific Electric Ry. Co. v. Commonwealth Bonding & Casualty Ins. Co., 55 Cal. App. 704, 204 P. 262; Menzel v. Niles Co., 86 Colo. 320, 281 P. 364, 65 A.L.R. 995; Seitz v. Michel, 148 Minn. 80, 181 N.W. 102, 104, 12 A.L.R. 1060; Sturm v. Truby, 245 App.Div. 357, 282 N.Y.S. 433; Pyle v. Kernan, 148 Or. 666, 36 P.2d 580; American Life Ins. Co. of Alabama v. Aladdin Temple Benefit Ass'n, D.O.K.K., 238 Ala. 512, 191 So. 903; Beverly v. Beverly, 209 Ga. 468, 74 S.E.2d 89; Jones v. Jones, 325 Mo. 1037, 30 S.W.2d 49; and McNeil v. Brogan, 201 Okl. 125, 202 P.2d 696. The last-cited case would appear to be decisive against plaintiff's contention here.

■■■ The first paragraph of the syllabus therein reads as follows:

"The rule that a party who would rescind a contract must restore what he has received under it, does not apply to contracts founded on an illegal consideration which are void for that reason."

■■■ We conclude that the trial court did not err and the judgment is therefore affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.