365 P.2d 122 (1961)
Joseph VITALE, Plaintiff in Error,
v.
Dan R. DUNNETT, Defendant in Error.
No. 39026.
Supreme Court of Oklahoma.
July 11, 1961.
Rehearing Denied October 3, 1961.
Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Miskovsky & Miskovsky, by Thomas W. Sullivan, Oklahoma City, for plaintiff in error.
Little & Hoyt by Lester D. Hoyt, Oklahoma City, for defendant in error.
IRWIN, Justice.
Joseph Vitale, defendant below, appeals from the judgment of the trial court permanently enjoining him from operating a beauty parlor at his home in Oklahoma City. Our reference to the parties will be by their designation below.
Plaintiff owns and resides in a home situated across the street from that belonging to and occupied by the defendant. Both properties are in an area classified as "A" Single Family Dwelling District. The petition charges defendant with the maintenance of a nuisance and alleges that his operation of a beauty parlor (a) converts a residential neighborhood into a business district; (b) depreciates the value of plaintiff's property; (c) creates loud and offensive *123 noises; (d) causes traffic hazard and congestion; (e) interferes with plaintiff's right of free ingress and egress to and from his home. The lower court found the defendant guilty of violating city zoning ordinances and granted a permanent injunction on that finding.
We will first consider plaintiff's contention that the appeal should be dismissed for lack of jurisdiction. In this connection, plaintiff contends that the time to make and serve case made had expired when the trial court, upon motion of defendant and without notice to plaintiff, extended such time.
The record reveals that on hearing of the motion for new trial and the overruling thereof on November 20, 1959, the defendant was given "30 days in addition to the time allowed by statute to make and serve case made." In the journal entry overruling the motion for new trial, the defendant was granted, "an extension of thirty (30) days from this date", the date being November 20, 1959. An order extending the time to make and serve case made was entered on January 4, 1960.
The petition in error and case made were filed in this court on February 10, 1960. Thereafter, defendant filed an application for order nunc pro tunc correcting the journal entry to show that the trial court granted defendant thirty (30) days in addition to the fifteen (15) days provided by law in which to make and serve case made. In this application, defendant alleged, inter alia, that the Supreme Court had entered an order permitting the defendant to withdraw the case made for the purpose of correcting the said journal entry to reflect the actual judgment pronounced by the trial court. On hearing, after notice and all parties having been present, the trial court found that the journal entry incorrectly recites the time in which to make and serve case made and granted the application.
This Court has many times held that a trial court has power to correct, nunc pro tunc, its orders or judgments to make them speak the truth and this Court will permit a record to be withdrawn for such purpose. See Werfelman v. Miller, 180 Okl. 267, 68 P.2d 819. We therefore hold that plaintiff's motion to dismiss can not be sustained as the order extending the time to make and serve case made was entered within the time allowed by statute and the thirty additional days granted by the trial court.
That portion of Ordinance No. 5936, introduced in evidence provides as follows:
"Zoning Ordinances, City of Oklahoma City.
Ordinance No. 5936
* * * * * *
"Section 1. Definitions. * * *
* * * * * *
"(23) Home Occupation: Any occupation or profession carried on by a member of a family residing on the premises and in connection with which there is used no sign other than one non-illuminated name plate attached to the building entrance which is not more than two (2) square feet in area; provided that no business such as a shop, store or child nursery is conducted upon the premises; provided that no material or equipment be stored outside the confines of the home; provided that no person is employed other than a member of the immediate family residing on the premises; provided that no mechanical equipment is used which creates a disturbance such as noise, dust, odor, or electrical disturbance; and provided that the home shall not be altered to attract business.
* * * * * *
"Section 3. `A' Single-Family Dwelling District Regulations. The regulations set forth in this section or set forth elsewhere in this ordinance, when referred to in this section, are the `A' Single-Family Dwelling District regulations.
"Use Regulations: A building or premises shall be used only for the following purposes:
* * * * * *

*124 "7. Home Occupation or professional office of one who lives in the main building, and where no name-plate is used in connection with the professional use exceeding two (2) square feet in area * * *."
Plaintiff, on appeal only, contends the judgment of the trial court should be affirmed because Joseph Vitale violated the ordinances in two respects. First, he altered his residence to attract business; and secondly, he failed to accompany his building permit with consent of 60% of all persons owning property in the block.
There is no proof in the case at bar of any alterations made upon the property of defendant for the purpose of attracting business. The evidence merely shows that a brick wall was erected to cover a frame breezeway between the home and garage. Before this was done the breezeway enclosure was rusted, broken and in need of painting. The construction enhanced the appearance of the house. There is no indication that the exterior, so altered, changed the residential character of the property or altered for the purpose of attracting business. We therefore hold that the improvement upon the property did not violate the provision of the ordinance which prohibits alterations to attract business.
Neither do we find merit in plaintiff's contention that defendant's alteration of property was unlawful because his application for a building permit was not accompanied with consent of 60% of all persons owning property in the block.
A copy of the building permit was offered in evidence by the defendant and the trial court asked if there were any objections. The attorney for plaintiff answered "No" and the trial court admitted the same.
The plaintiff did not submit this issue to the trial court and that portion of an ordinance making such requirement was not mentioned nor even offered in evidence in the trial of the cause. Therefore, plaintiff's contention will not be considered on appeal. See Progress Brewing Co. v. Thompson, 203 Okl. 415, 222 P.2d 748.
The petition and the evidence of plaintiff were bottomed on the theory that defendant conducted his practice of beauty culture in a manner which created a nuisance. Plaintiff does not contend on appeal that a nuisance was in fact created and the record, viewed as a whole, would not support such conclusion. We therefore hold that defendant's conduct of the beauty shop did not constitute a nuisance.
The judgment is reversed and remanded with directions to enter judgment for defendant.