SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation, and Eugene B. Moore, Plaintiffs in Error,

v.

Charles Wesley MARTIN, Defendant in Error.

No. 39171.

Supreme Court of Oklahoma.

March 6, 1962.

Rehearing Denied April 17, 1962.

Donald H. Sharp, James A. DeBois, Oklahoma City, Everett Collins, Joe B. Moore, Sapulpa, for plaintiffs in error.

K. Bill Walker, Don L. Gilder, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff, Charles Wesley Martin, brought a negligence action against Southwestern Bell Telephone Company, a corporation, and Eugene B. Moore, its employee, seeking

damages for personal injuries arising out of a collision between plaintiff's automobile and defendant Southwestern's pickup truck on a city street in Muskogee, Oklahoma. Agency between Southwestern and its driver Moore was admitted. The alleged negligence of defendants was based on driving to the left of center of the street and failing to keep a proper lookout. Defendants answered by general denial and pleas of contributory negligence, sudden emergency and unavoidable accident.

Plaintiff testified that his vehicle was parallel parked along the east curb of Cherokee Street, which is 40 feet wide and runs generally north and south, at a point about 150 feet south of the intersection with Elmira Street, an east-west street. His car was the only one parked along the east curb of Cherokee Street in the block south of Elmira Street. He pulled away from his parked position. After he had driven north about 100 feet, he saw an automobile (hereafter, the third car) driving south on Cherokee which at that time was approximately one-half block north of the intersection and driving at a normal rate of speed. Plaintiff at about that same time saw defendants' vehicle driving west on Elmira at a speed of 20 to 25 miles per hour and at a point approximately 10 feet from the intersection with Cherokee. Plaintiff continued to drive north at a speed of approximately 5 miles per hour and saw defendants' vehicle turn left or to the south on Cherokee. Thereafter plaintiff's view of the third car was blocked by defendants' pickup. Defendant did not drive on the west side of Cherokee but drove south on plaintiff's side of the street. Plaintiff turned to the right and applied his brakes, and the collision occurred between the left front and side of the pickup and left side of plaintiff's automobile.

Plaintiff's evidence included testimony by the city policeman who investigated the accident that there was no marked center line on Cherokee Street but that the point of impact was "right in close to where the center line would be if there were a line on this street."

Dr. S testified for plaintiff by deposition concerning plaintiff's injuries.

Plaintiff in his brief asserts that the above evidence was uncontradicted. We believe that a summary of the facts testified by defendant Moore will show such assertion to be incorrect.

Moore testified that as he drove west on Elmira and approached the intersection with Cherokee he stopped his vehicle before entering the intersection although there was no stop sign requiring him so to do. He looked both north and south along Cherokee before driving into the intersection. He saw no vehicles in motion on Cherokee south of the intersection, but saw cars parallel parked all along the east curb of the street for a block south of the intersection. He saw the third car approximately 300 or 400 feet north of Elmira driving south on Cherokee and he did not notice anything unusual about it. He drove into the intersection, turned left, straightened his vehicle in Cherokee Street on the west side thereof, then checked in his rear view mirror concerning the location of the third car he had seen before he drove into the intersection. He discovered that the third car was "right on me" and driving "way above the city ordinance speed limits there." He then turned his pickup slightly to the left to allow the third car to go around him on the right as this is what it appeared to him that it was about to do. He admitted that the left front of his truck was "maybe a foot or two or three" across the center of the street when the collision occurred with plaintiff's car. He had not seen plaintiff's car before the accident.

The third car which was behind defendants' pickup or in the process of passing it at the time of the collision giving rise to this action did not stop and the parties to this action did not present its driver as a witness.

Defendants presented requested instructions, among others, on their theories of

defense of contributory negligence, un-avoidable accident, and sudden emergency. The plaintiff submitted requested instructions, among others, on unavoidable accident, contributory negligence, and combined negligence of joint tort-feasors. Requested instructions by both sides were refused and exceptions allowed. At the conclusion of all the evidence the court advised the parties that he would instruct the jury that it would not be necessary for the jury to determine the liability of defendants as that was admitted. The plaintiff then applied to have his requested instructions withdrawn, which application was overruled by the trial court.

The court instructed the jury concerning defendants' liability as stated above, leaving only the question of plaintiff's damages to be determined by the jury. The jury returned its verdict for plaintiff in the sum of $50,000.00 and judgment was entered in that amount.

Defendants filed their motion for new trial which was overruled and they now appeal.

Among other assignments of error, defendants contend that the trial court committed reversible error in giving to the jury, over defendants' exceptions, the following instruction:

"From the opening statement and testimony of the defendant, Eugene B. Moore, it is disclosed that in order to prevent a rear end collision—a third car not included in this lawsuit—the accident occurred by Moore electing to turn into plaintiff's lane of traffic and therefore striking plaintiff's car. By reason of this testimony and admissions, it is not necessary for you to determine the liability of defendants as that is admitted. Therefore, that leaves for this jury to decide only the question as to whether or not by reason of this accident plaintiff was injured and is now suffering disability as a result thereof, and whether or not the damage to the car of plaintiff as represented by testimony of repair bill was caused by the collision, or what portion of said estimate was caused by said accident."

We agree that the giving of the quoted instruction was error. Since the opening statements of counsel were not made part of the casemade, we have no record on which to rely for sustaining the trial court's instruction on the ground that defendants' opening statement admitted liability. Progress Brewing Co. v. Thompson, 203 Okl. 415, 222 P.2d 748; Collinsville Nat. Bank v. Ward, 96 Okl. 140, 220 P. 864. The casemade reflects that the attorneys who tried the case stipulated and agreed that the casemade contained all the evidence introduced at the trial and it is apparent that the opening statements were not considered by the parties as supplying any evidence in support of the judgment. Simmons v. Harris, 108 Okl. 189, 235 P. 508. Neither does the casemade reflect that plaintiff at any time during the course of the trial moved the court to direct a verdict in his favor on the issue of defendants' liability. Of course, we have held that it is proper for a trial court, upon its own motion, to direct a verdict for a party. McNeil v. Brogan, 201 Okl. 125, 202 P.2d 696; Howard Greene Torpedo Co. v. Big Chief Drilling Co., 187 Okl. 321, 102 P.2d 872. But our basic sense of fair play will not allow us to condone the practice of a trial court's direction of a verdict on its own motion based on admissions said to have been made in the opening statement when the directed verdict comes at the conclusion of all the evidence and when the casemade gives no hint that the parties or the trial court during the trial up to that point considered the issue of liability of defendants to be closed or admitted. It is significant too that plaintiff makes no claim in his brief that defendants admitted liability in their opening statement.

Therefore if the judgment were to be sustained it would be because the testimony of defendant Moore amounts to an admission of liability. We held in Garner v. Myers, Okl., 318 P.2d 410, based upon

testimony of a defendant almost identical to the testimony in this case and in a very similar fact situation that it was not proper to direct a verdict for plaintiff. What we said in the Garner case, supra, is appropriate to this case:

> "* * * Neither in our statutes, nor in the common law, is there attempted a prescription of everything that should, or should not, be done in a situation such as existed in this case when the defendant's and plaintiff's autos were approaching each other. In such case, where the standard of human conduct by which the negligence of the parties, or their lack of it, must be adjudged, is not fully prescribed by law, the determination of the matter must be left to the jury under the guidance of proper instructions of the court. See Dickinson v. Whitaker, 75 Okl. 243, 182 P. 901; City of Cushing v. Stanley, 68 Okl. 155, 172 P. 628; Ponca City Ice Co. v. Robertson, 67 Okl. 86, 169 P. 1111; 38 Am.Jur., 'Negligence', sec. 346 notes 15, 17, 19, secs. 14, 22, 24 and 30. * * *"

In the instant case, as in the Garner case, the undisputed fact that defendant was driving on the wrong side of the street at the time of collision with plaintiff's vehicle made out a prima facie case for plaintiff and shifted the burden to defendant to produce sufficient evidence to make it appear equally as reasonable that he was on the wrong side of the street through no fault of his own and as the result of a sudden emergency over which he had no control as that he was there because of his own negligence. On the basis of the evidence presented in this case, we believe that the question of whether or not defendants met or discharged this burden of proof was properly for determination by the jury, rather than the court, under the guidance of proper instructions.

Defendants complain of other alleged errors committed by the trial court, but we will not discuss them since such errors, if any, may not occur upon a retrial of this case.

The judgment is reversed and the cause remanded with instructions to grant a new trial.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and BERRY, J., dissent.