2001 OK CIV APP 103

**Calvin LANE, Plaintiff/Appellant,**

v.

**FLOORCRAFT CLYDE BEHERENS, LTD, an Oklahoma Corporation; Clyde Beherens, Individually; and Kay Beherens, Individually, Defendants/Appellees.**

**No. 95,350.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 29, 2001.

## OPINION

CARL B. JONES, Judge:

¶1 Appellant, Calvin Lane (Lane), was employed by Appellees, Floorcraft Clyde Beherens, Ltd., Clyde Beherens and Kay Beherens. On March 23, 1999, the parties entered into a written agreement which specified Lane's rate of pay and work schedule. The document was silent as to its duration. On July 14, 1999, Mr. Beherens notified Lane that he had decided to pay Lane hourly instead of the agreed upon salary of $2,000.00 a month. Lane initiated this lawsuit seeking damages for breach of contract.

¶2 A jury trial was held on June 13, 2000. At the close of Lane's evidence, the Beherens moved for a directed verdict on the grounds the employment agreement violated the statute of frauds. The trial court granted Beherens' motion. The effect of a directed verdict is to remove the case from the jury. *Courtney v. Gibson*, 1915 OK 1007, 153 P. 677. *However, the trial court instructed the jury to deliberate and return a verdict for the defendant. Lane filed a motion for new trial which was denied. Lane appeals.*

¶3 The issue on appeal is whether the trial court properly directed the verdict for the Beherens. A motion for new trial is addressed to the sound discretion of the trial court. Unless it appears that the trial court acted arbitrarily, or erred on a pure question of law, the ruling on the motion will not be overturned on appeal. *McMinn v. City of Oklahoma City*, 1997 OK 154, 952 P.2d 517, 522.

¶4 Lane argues the trial court committed reversible error by granting the Beherens' motion for directed verdict because the statute of frauds does not apply to a written agreement. Title 15 O.S.1991 § 136(1) is the provision relied upon by the Beherens. This provision precludes the enforcement of oral contracts which cannot be performed within one year unless the agreement is in writing and signed by the party to be charged. Here, a writing which was signed by all parties was introduced as evidence of an employment contract. The writing was entitled "Cleaning Business" and provided:

> "It is hereby agreed between Floorcraft (Clyde & Kay Beherens) and Calvin Lane, that he (Calvin) shall draw a Salary of $1,000.00 on the 1st and 15th of each mo., until decided otherwise. He shall draw (no commission).
>
> It is also agreed that Calvin shall work one Sat. every other mo. at the store, because he is employed by Floorcraft.
>
> This Salary shall be negotiated at *any time* and agreed to by both parties depending on Business produced.
>
> Calvin shall be on 24 hr. call and delegate to someone else his pager if he is unavailable.
>
> Calvin shall receive a $50.00 fee, on Water extraction emergencies."

¶5 This is the writing which Lane asserts was breached by the Beherens. It is apparent the parties do have a writing which is signed by the party to be charged evidencing their agreement which removes the parties agreement from the purview of the statute of frauds. 15 O.S.1991 § 136(1).

¶6 The confusion appears to have come from Lane's testimony that although no definite time frame was outlined in the agreement, the parties had discussed the agreement being in effect for three years. The Beherens argue the employment was terminable at will and then argued the three year agreement was a separate oral agreement which did not meet the requirements of the statute of frauds. The agreement which Lane is attempting to enforce is the written agreement. Whether parol evidence is admissible to help interpret the agreement depends on whether the written agreement is determined by the trial court to be clear and unambiguous, or if an ambiguity exists as a

result of the agreement being silent on the time duration. This must be determined by the trial court. *Prudential Ins. Co. v. Glass,* 1998 OK 52, 959 P.2d 586, 594. Pursuant to *Singh v. Cities Serv. Oil Co.,* 1976 OK 123, 554 P.2d 1367, 1369, ***absent facts and circumstances which indicate that an agreement is for a specific term,*** an employment contract which only provides for an annual rate of compensation is terminable at will. The trial court never ruled on whether the agreement was unambiguous or if an ambiguity existed.

¶ 7 The trial court improperly directed a verdict as the statute of frauds is inapplicable to the written agreement Lane is seeking to enforce. This matter is reversed and remanded for proceedings consistent with this opinion.

¶ 8 REVERSED AND REMANDED.

¶ 9 ADAMS, P.J., concurs; JOPLIN, J., dissents.