STARR L. BOOTH *vs.* THE NATIONAL INDIA RUBBER COMPANY.

Where one enters into the service of another for a definite period, and continues in the employment after the expiration of that period, without any new contract, the presumption is that the employment is continued on the terms of the original contract; but when the hiring is for an indefinite period it is a hiring at will, and may be terminated at any time by either party.

DEFENDANTS' petition for a new trial.

*January* 23, 1897. MATTESON, C. J. This is an action of assumpsit to recover a balance claimed to be due on account of salary. At the trial in the Common Pleas Division the jury returned a verdict for the plaintiff, and thereupon the defendant filed this petition for a new trial, assigning as one ground for a new trial that the verdict is against the evidence. The case is before us on this petition.

The plaintiff entered into the employment of the defendant

as foreman of its hose and belt department, on November 30, 1887, for the period of a year, at a salary of one thousand dollars, with the understanding that the salary should be raised to twelve hundred dollars as soon as the business of the defendant would warrant.    In accordance with this understanding, the salary was raised to twelve hundred dollars in June, 1888.    The plaintiff continued in the employment until March, 1895, when, as he alleges, without fault on his part, his position as foreman was taken from him and his pay reduced to two dollars a day.    He remained at work for the defendant until April 6, 1895, when he was discharged. During March and April he received for his labor sixty dollars.    His claim in this suit is for salary, at the rate of $1200 a year, from March 1, 1895, to November 30th of that year. This amounted to $900.    Deducting from this the $60 received by the plaintiff during March and April, and the balance is $840, the amount of the verdict.

The plaintiff's counsel attempts to bring the case within the principle that where one enters into the service of another for a definite period, and continues in the employment after the expiration of that period, without any new contract, the presumption is that the employment is continued on the terms of the original contract.    Unfortunately, however, for this attempt, the plaintiff himself, who is the only witness to the contract of employment, the defendant's superintendent having died, testifies in cross-examination that on November 30, 1888, when the first year of his employment had expired, he had a conversation with the defendant's superintendent with reference to the continuance of his work and contract, and that 'the superintendent said to him, "So long as you stay here and do what is right by the company, we will employ you and pay you by the year."    This language imports, as the plaintiff testifies he himself understood it, a hiring for an indefinite period.    Such a hiring, in accordance with the American rule, is a hiring at will, and consequently may be terminated at any time by either party.    *Martin* v. *New York Life Ins. Co.*, 148 N. Y. 117 ; *McCulla Iron Co.* v. *Carpenter*, 67 Md. 554 ; *Kansas Pacific Railway Co.* v.

*Roberson*, 3 Colc. 142 ; *Evans* v. *The St. Louis Iron Mining & Southern Railway Co.*, 24 Mo. App. 114 ; *Prentice* v. *Ledyard*, 28 Wis. 131 ; *DeBriar* v. *Minturn*, 1 Cal. 450 ; *Haney* v. *Caldwell*, 35 Ark. 156, 168 ; *Wilder* v. *The United States*, 5 Court Cl. 462 ; *Franklin Mining Co.* v. *Harris*, 24 Mich. 115 ; Wood, Master & Servant, 2 ed. § 136.    This being so, it was competent for the defendant to terminate the contract as it did, in March, 1895, and the plaintiff thereupon ceased to have any claim for salary under the contract from that date.    We are of the opinion, therefore, that the verdict was against the evidence.

Case remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Henry W. Hayes*, for plaintiff.

*Orrin L. Bosworth*, for defendant.