## ATCHISON, T. & S. F. RY. CO. v. McCLUSKEY.

No. 1427. Opinion Filed January 16, 1912.

(120 Pac. 985.)

1. **EVIDENCE—Parol Evidence—Admissibility.** It is competent to prove a verbal contract by a local agent to deliver a car of freight to a connecting carrier, although the bill of lading, in which the named destination was the connecting point, stated that all prior understandings concerning the furnishing of cars, or facilities for shipment, etc., were merged and contained in the written agreement.

2. **SAME—Parol Evidence—Additional Agreement.** In such a case, the evidence did not vary the written contract of shipment, but was an additional agreement as to what disposition should be made of the car when it had reached its destination.

(Syllabus by Rosser, C.)

*Error from Pottawatomie County Court; E. D. Reasor, Judge.*

Action by Geo. B. McCluskey against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Cottingham & Bledsoe* and *Chas. H. Woods,* for plaintiff in error.

*F. H. Reily,* for defendant in error.

Opinion by ROSSER, C. This action was begun in a court of a justice of the peace in the city of Shawnee, Pottawatomie county. It was tried in the justice court. The plaintiff recovered

a judgment, and there was an appeal to the county court, where the case was again tried, resulting in a verdict and judgment for plaintiff for the sum of $125. From that judgment, the railroad company has appealed.

The bill of particulars alleged that plaintiff, on the 16th day of January, 1908, at Tribbey, Okla., loaded ten head of cattle, fourteen head of hogs, household goods, furniture, and implements in a car furnished by defendants at 2 o'clock p. m., with the verbal understanding that the car in which the stock was loaded would be transferred to the Rock Island Company's line at Shawnee, Okla., and shipped direct through to Sentinel, Okla., on the Rock Island Road. It further alleged that the car arrived at Shawnee about 4 o'clock of the same day it was loaded, but that defendant refused to deliver the car to the Rock Island Company until about 7 o'clock on the 17th of January, 1908, and that, on account of its failure to deliver, the car missed connection with the freight trains of the Rock Island, and it was seventy-two hours from the time the stock were loaded into the car until they arrived at their destination, and that they were all of that time without feed and water. It further alleged that the stock should have arrived at its destination at Sentinel in about fifteen hours, but that by reason of the delay and negligence of the defendant they were on the road seventy-five hours.

The plaintiff, at the trial, was permitted to prove that he had a verbal understanding with the agent of the company that the car in which he loaded his property would be transferred to the Rock Island without unloading. The defendant introduced the bill of lading for the property. The destination named in the bill of lading was Shawnee, and it provided, among other things, that all prior understandings concerning the furnishing of cars or facilities for shipment, or concerning transportation of stock or other shipment, were merged and contained in the written agreement, and that the company was released from all liability on any prior contract or agreement with reference to the property covered by the bill of lading.

The company assigns nine errors, but in its brief states that it only desires to press two points, as follows:

"First.   That where suit is brought on an alleged oral agreement, and it appears in the evidence that the agreement was a written one, there is a fatal variance which prevents recovery, and which would result in a nonsuit to the plaintiff.

"Second.   This judgment cannot be sustained for the reason that it is based on evidence of alleged oral negotiations prior to the execution of the written contract.   The written contract governs and merges within itself all prior or contemporaneous negotiations."

The bill of lading contained all the terms of the contract of shipment from Tribbey to Shawnee, and parol evidence was not admissible to vary the terms of the written bill of lading.

But the evidence offered was not for the purpose of varying its terms, but for the purpose of showing an agreement as to what was to be done with the car after it had reached Shawnee.   The evidence was admissible for this purpose.   *Riley v. N. Y., Lake Erie & W. R. Co.,* 34 Hun (N. Y.) 97.   The contract proven was within the scope of the agent's authority.   It was not a contract to forward over the connecting road, but was a contract to deliver to the connecting road.   The agent had authority to bind the company with reference to the handling of the car on its own line, and as to delivering it to the connecting carrier.   See *Strohn v. Railroad,* 23 Wis. 126.   It was the duty of the company to deliver the car to the connecting carrier, and to do so with reasonable promptness.   Having failed to do so it is liable for damages caused by the failure to deliver.   In fact, its liability did not depend on oral contract.   It did deliver, and if it held the car an unreasonable length of time, while deciding whether or not it would deliver to the connecting carrier, it would be liable for damages occasioned thereby, whether there was a contract or not.

The judgment should be affirmed.

By the Court:   It is so ordered.

All the Justices concur.