## ST. LOUIS-S. F. RY. CO. v. HENSLEY.

No. 15907—Opinion Filed Nov. 10, 1925.

(Syllabus.)

1. Carriers—Damages for Failure to Furnish Cars for Live Stock.

Where a shipper of live stock negotiates with the local agent of a railway company for cars for intrastate shipment of hogs to market and is told by such local agent that the cars would be available within a few days, and a few days later the local agent directs the shipper to bring his hogs in for shipment on the following day and that the cars for their shipment will be ready, and the shipper, acting upon such agreement, takes his hogs to the station for shipment and is required to hold them there 24 hours because of the failure of the railway company to furnish cars for their shipment and the hogs are damaged because of such delay, the shipper is entitled to recover such damages as is shown to be occasioned by the breach of such agreement.

2. Same—Sufficiency of Evidence.

The evidence examined, and held to warrant the jury in finding that there was an agreement between the shipper and the local agent of the carrier to furnish cars to the shipper for use on a certain day, and that such agreement was breached by the carrier and that said carrier was not excused for his failure to furnish said cars as per contract, and that the shipper was damaged as a result of the carrier's failure to comply with such agreement.

Appeal from District Court, Oklahoma County; O. L. Price, Judge.

Action by E. L. Hensley against the St. Louis-San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and W. T. Stratton, for plaintiff in error.

Walter & Hilpirt, for defendant in error.

PHELPS, J.  This action was originally instituted in the district court of Oklahoma county by E. L. Hensley filing his petition against the St. Louis-San Francisco Railway Company, alleging that he had four carloads of hogs to ship from Altus, Okla., to the market at Oklahoma City, Okla. He claims that he applied to the agent of defendant at Altus, Okla., for cars in which to ship said hogs; that such agent told him to bring his hogs in and the cars would be ready for him the next day, and relying upon the agreement thus made, he delivered the hogs to the stock pens of defendant, but that no cars were furnished until the fol-

lowing day, and that because of the necessity for holding the hogs for shipment and the delay in reaching the market, they were shrunken and damaged.

Defendant filed its answer, denying generally the allegations of plaintiff's petition, and further denying the agent's authority to make the contract relied upon by plaintiff, and upon the issues thus joined the cause was tried to a jury and a verdict returned in favor of plaintiff for $435.66, and from the judgment rendered thereon this appeal is prosecuted.

The parties will be referred to as they appeared in the court below.

Counsel for defendant present several specifications of error, complaining, first, that the court erred in overruling the demurrer to the evidence of the plaintiff. Under this assignment of error they insist that the defendant is not bound by a verbal contract made with its agent to furnish cars at a particular time, as the same would be void as constituting a preference in furnishing cars to shippers, and that the same rules apply to intrastate shipments as the rules applicable in interstate shipments, viz., that any contract or agreement to furnish cars to shippers, the enforcement of which would result in a preference or discrimination, is void and cannot be made the basis of an action for damages. With this contention we cannot agree. This question has been before this court in a number of cases, and the rule applicable thereto seems well settled.

In Davis, Director General, v. Kelley, 96 Okla. 17, 219 Pac. 923, wherein action was brought by the shipper against the carrier for damages for failure to furnish cars for the shipment of cattle upon a verbal contract to so furnish the cars, judgment was rendered in favor of the shipper and sustained on appeal by this court, and in the body of the opinion we find the following language:

"The plaintiff's testimony was to the effect that the agent made him an unconditional promise to furnish him cars. This issue was fairly submitted to the jury and by its verdict found in favor of the plaintiff. * * *"

Also, in Chicago, R. I. & P. Ry. Co. v. Vail, 83 Okla. 266, 201 Pac. 804, the same question was before this court, and the verbal contract to furnish cars on a certain date was upheld. The carrier pleaded as one of its defenses that it furnished the cars within the time limit provided by the order of the Corporation Commission de-

fining what is a reasonable time in which to furnish cars, and argued it was protected by said rules without regard to the manner in which the plaintiff ordered the cars. The testimony of both parties was to the effect that the cars were placed within the time fixed by the Corporation Commission, and in discussing that question this court said in the body of the opinion:

"We cannot agree with defendant's contention thus made, that the same constituted a defense to plaintiff's cause of action in the circumstances shown by the record. Had the defendant company stood upon its rights in the circumstances shown by its testimony and declined to agree to furnish cars except on a written order made therefor by the shipper, and at an earlier date than that fixed by the order of the Corporation Commission defining a reasonable time, quite a different situation would have been presented, and doubtless this suit would not have been here for determination by this court. It is apparent from the record hereinbefore recited that the plaintiff's cause of action is based upon an agreement of the defendant's agent made in the customary way, he making such agreement to furnish a definite number of cars at a specified time. * * *"

This court has universally upheld the shipper's right to prove the existence of an oral agreement to furnish cars for shipment of freight at a specified time. A., T. & S. F. Ry. Co. v. McCluskey, 30 Okla. 711, 120 Pac. 985; A., T. & S. F. Ry. Co. v. Robinson, 36 Okla. 435, 129 Pac. 20; C., R. I. & P. Ry. Co. v. Beatty, 42 Okla. 528, 141 Pac. 442.

Also other states have upheld such contracts. In Texas Midland Ry. Co. v. O'Kelley (Tex. Civ. App.) 203 S. W. 152, where plaintiff brought suit for damages because of the failure of the carrier to furnish cars upon a verbal contract for the shipment of hogs and the carrier pleaded a shortage of cars, the court said:

"Knowing the facts at the time it made the contracts, it ought not to have made the agreement to furnish the car on that date, thereby inflicting loss by its own wrong."

Also in San Antonio & A. P. Ry. Co. v. Timon (Tex.) 114 S. W. 792, the court said:

"That a live stock shipper's agent told a carrier's agent that cattle would be ready for shipment on a specified day, and asked him to have cars on hand at that time and the agent replied 'All right,' shows a contract to furnish cars at the time specified."

Also in Pecos & N. T. Ry. Co. v. Bishop (Tex. Civ. App.) 154 S. W. 305, the court said:

"A railroad station agent has power to contract that the railroad company will furnish cars at a named place and date for the transportation of freight so as to bind the company."

In Pletcher v. C., R. I. & P. Ry. Co. (Kan.) 177 Pac. 1, although the shipment was an interstate shipment, the Supreme Court of Kansas upheld the contract between the shipper and the carrier; as also did the Missouri court in Thee v. Wabash Ry. Co. (K. C. Ct. of App.) 233 S. W. 959.

There was no obligation on the part of the carrier to enter into the agreement disclosed by the evidence in this case. The carrier had a right to demand a written order for the cars and to take the time allowed under orders of the Corporation Commission to furnish them, but having waived that right by voluntarily promising and agreeing with the shipper to have the cars ready by a certain date and directing the shipper to have his hogs ready for shipment on that date, and the shipper having relied upon such agreement to his detriment, ordinary honesty and fair dealing would demand that the carrier reimburse the shipper for the damages he sustained because of the breach of such agreement.

Defendant further complains that the employe of defendant with whom plaintiff had his transaction was not authorized to contract for the carrier. The record discloses that he was not the station agent, but designated as car clerk, but all the evidence on both sides indicates that he was the employe having charge of and supervision over that particular branch of the business, subject, however, to the direction of the station agent. Under the state of facts disclosed by the record, we conclude that the car clerk with whom the transaction was had had the same authority to bind the company as the station agent.

Again, defendant complains of the instructions given by the court, and also of requested instructions which the court refused to give, but a careful examination of the record convinces us that the instructions given fairly and reasonably present the law applicable to the facts of this case and that no prejudicial error was committed in either giving the instructions that were given or in refusing those which were requested, and the cause having been fairly submitted to the jury, we see no reason for disturbing the judgment of the lower court.

The judgment is therefore affirmed.

All the Justices concur.

Note.—See under (1) 10 C. J. pp. 73, § 66 (Anno); 218, § 298. (2) 10 C. J. p. 76, § 74. See, under (1, 2) anno. 43 L. R. A. 225; 8 L. R. A. (N. S.) 108; 44 L. R. A. (N. S.) 643; 4 R. C. L. pp. 675, 676; 1 R. C. L. Supp. 1196; 4 R. C. L. Supp. p. 287.