PAXSON v. CASS COUNTY ROAD COMMISSION.

1. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSION—SUPERIN-
TENDENT—CONTRACT OF EMPLOYMENT.

In maintenance superintendent's action against county road
commission for unpaid salary, evidence justified a jury in
finding plaintiff was wrongfully discharged, where he had a
year's contract as claimed (CL 1948, § 224.9).

2. MASTER AND SERVANT—CONTRACT—PERIOD OF EMPLOYMENT.

Where a contract of employment is made for a year's service and
under that contract the parties have gone on from year to
year, with nothing said or done by either party at the end of
the year to terminate it, and the employee continues thereafter
to perform service, the facts raise the presumption that both
parties have assented to the contract continuing in force for
another year.

3. HIGHWAYS AND STREETS—MAINTENANCE SUPERINTENDENT FOR
COUNTY ROAD COMMISSION—CONTRACT OF EMPLOYMENT—ANNUAL
BASIS.

Where plaintiff was originally hired as an employee of the county
road commission in July, 1928, was engaged as a maintenance
superintendent in July, 1929, for 1 year and continued on with
salary fixed on an annual basis from time to time, the fact

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 35 Am Jur, Master and Servant, § 23.
[4] 35 Am Jur, Master and Servant, §§ 19–21.
[4] Duration of contract of hiring which specified no term, but
fixes compensation at a certain amount per day, week, month,
or year. 11 ALR 469; 100 ALR 834; 161 ALR 706.
[6] 35 Am Jur, Master and Servant, § 11.
[7] 58 Am Jur, Witnesses, § 620 et seq.
[8] 3 Am Jur, Appeal and Error, §§ 820, 821.
[9] 3 Am Jur, Appeal and Error, § 1173.
[9] Necessity of setting aside or reversing entire money judgment
because of error in allowing certain items, where the verdict
or judgment purports to specify the amounts allowed respec-
tively for the proper and improper items. 135 ALR 1186.

that it was not until August 5, 1946, that the salary was fixed for the fiscal year beginning August 1, 1946, on an annual basis did not change the hiring by the year as theretofore.

4. MASTER AND SERVANT—PERIOD OF EMPLOYMENT—EVIDENCE.

> The question of the period of employment is one of fact as to what was the intent of the parties and when not expressed it must be found from the circumstances of the case; and while the mere stating of the salary at an annual rate is not sufficient to support a hiring for a period of 1 year, it is a factor to be considered with other relevant facts.

5. FRAUDS, STATUTE OF—CONTRACT OF EMPLOYMENT TO BE PERFORMED WITHIN A YEAR.

> Where resolution of county road commission, alleged in declaration and relied on by plaintiff maintenance superintendent in action to recover unpaid salary after wrongful discharge, was adopted August 5, 1946, provided for a new annual salary effective August 1, 1946 and was the only contract shown by the evidence, notwithstanding another resolution was also alleged in plaintiff's declaration, the contract would be performed within a year and was valid under the statute of frauds (CL 1948, §§ 224.9, 566.132).

6. CONTRACTS—MUTUALITY—ACCEPTANCE OF OFFER OF CONTRACT OF EMPLOYMENT.

> Where plaintiff maintenance superintendent was hired at an annual salary and by the year as in the past, his continuing to work for defendant county road commission constituted an acceptance of the offer contained in its resolution as to his salary for the year; and where the jury found there was a contract and its finding is supported by the evidence, there is no lack of mutuality.

7. DAMAGES—MITIGATION—CROSS-EXAMINATION.

> In employee's action against employer for unpaid salary under a contract of hire for a year, it was not error to restrict cross-examination of plaintiff on question of income during the period for which salary was sought so as to eliminate questions which were too general.

8. ACTION—COUNTIES—CONDITION PRECEDENT—FAILURE TO PRESENT ISSUE IN PLEADINGS OR AT TRIAL.

> Failure to file written claim for unpaid salary before the county board of supervisors as a condition precedent to bringing action and upon its disallowance bringing action against the county within 20 days, not having been raised in the pleadings nor during the trial of action against county road commission,

is not considered, especially where the statute provides that the board of county road commissioners may sue and be sued (CL 1948, § 224.9).

9. TRIAL—CURING ERROR—REMITTITUR—DAMAGES.

In maintenance superintendent's action against county road commission for unpaid salary in which jury was erroneously permitted to include as an item of damages injuries to plaintiff's feelings by reason of his summary discharge, error thus committed was cured by remittitur ordered by court and accepted by plaintiff.

Appeal from Cass; Sweet (Lucien F.), J., presiding. Submitted April 5, 1949. (Docket No. 4, Calendar No. 44,267.) Decided June 29, 1949.

Assumpsit by Willard Paxson against Cass County Road Commission for unpaid salary. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*James & Hoff,* for plaintiff.

*Jones & Theiss,* for defendant.

BUTZEL, J. Willard Paxson, plaintiff, brought suit for salary he claimed was due him for the period from January 15, 1947, to August 1, 1947. He contends that defendant Cass county road commission employed him for a period of 1 year from August 1, 1946, and that he was wrongfully discharged and not permitted to work after January 15, 1947. He also claimed additional damages for shame, humiliation, et cetera, caused by the wrongful discharge. A jury awarded him damages in the sum of $1,818.75. This amount exceeded the sum of the wages alleged to be due him for the balance of the year during which he was not permitted to work. Defendant· moved for a new trial, alleging errors claimed on this appeal, including the claim that the trial judge er-

roneously charged the jury that it could find a reasonable amount to which plaintiff would be entitled because of shock and bewilderment in being discharged. In passing on the motion the trial judge held this charge was error, but denied the motion on the condition that the plaintiff file a remittitur of $356.25. Plaintiff filed the remittitur, reducing the amount of the judgment to $1,462.50, the balance of the salary claimed. Defendant appeals.

As one of the appellant's main claims of error is that the verdict was against the great weight of the evidence, a very brief statement of facts becomes necessary. Plaintiff was first employed by defendant on July 5, 1928. On July 8, 1929, he was employed as superintendent of maintenance by the defendant. The official records show that the appointment was for 1 year, beginning July 8, 1929, at 5 dollars per day and the use of a county car; that he accepted the appointment and has continued in the employ of defendant until his discharge on January 11, 1947, effective January 15, 1947, a period of over 17 years. There is no testimony that plaintiff did not properly perform his duties as a superintendent of maintenance. However, difficulties did arise in the spring of 1946 when LaVerne Hendricks was appointed county highway engineer. Plaintiff was appointed in accordance with CL 1948, § 224.9 (Stat Ann § 9.109), which provides for the appointment of a competent superintendent, skilled in road building, who may or may not be an engineer and who under the direction of the board shall supervise all road building operations in the county. Mr. Hendricks was appointed in accordance with CL 1948, § 224.10 (Stat Ann 1947 Cum Supp § 9.110), which provides that the board of county road commissioners shall employ a competent highway engineer who shall make all surveys ordered by the board, prepare plans and specifica-

tions for all roads, bridges and culverts, and shall exercise such general supervision over all construction as will insure that the plans and specifications are strictly followed. Plaintiff and Hendricks seem to have had difficulties from the start. Possibly the main difficulty was due to the inaction of the Cass county road commission which did not define or limit plaintiff's duties or authority, nor inform him of the extent of his authority or that of Hendricks as county highway engineer, after the latter's appointment. Even at the trial the members of the county road commission were not wholly in accord as to the respective duties of plaintiff and Hendricks. The testimony shows that at most they had merely told the plaintiff to co-operate with Hendricks, but did not inform plaintiff that the engineer was to have control over maintenance work as well as all other operations as claimed by Hendricks to have been a condition of his hiring. There is sufficient testimony to fully justify a jury in finding that the plaintiff was wrongfully discharged, provided he had a contract for a year as he claims.

Appellant contends that there was no proof of a binding contract for a definite term of 1 year and, therefore, a verdict should have been directed for the defendant. The resolution of defendant shows that on July 8, 1929, plaintiff was hired as maintenance superintendent for a term of 1 year and has continued as such until his discharge in 1947. As we said in *Sines* v. *Wayne County Superintendents of the Poor*, 58 Mich 503:

"The contract had been previously made for a year's service, and under that contract defendant had gone on from year to year, and in such cases, if nothing is said or done by either party at the end of the year to terminate it, but on the contrary, the person performing service is allowed to continue on without objection, the facts raise the presumption

from which the jury have found that both parties have assented to the contract continuing in force for another year."

To like effect see: *Laughlin* v. *School District No. 17 of the City of Jackson and Township of Blackman,* 98 Mich 523; and *Reynick* v. *Allington & Curtis Manfg. Co.,* 179 Mich 630 on page 643, in both of which cases the Court sustained the rule set forth in *Sines* v. *Wayne County Superintendents of the Poor, supra.*

The record shows that plaintiff's salary was increased from time to time. In resolutions in 1940 and 1941, it was fixed at an annual salary. While on May 11, 1942, the record shows that the salary was fixed at $200 per month, but this evidently was an increase in salary because on October 1, 1941, his salary was fixed at $2,200 per year. A resolution dated as of March 22, 1943, shows that his salary was raised $100 "per year." The fact that it was not until August 5, 1946, that the salary was fixed for the fiscal year beginning August 1, 1946, at $2,700 per year did not change the hiring by the year as theretofore.

Plaintiff in his declaration presents some inconsistent statements. He first states that the salary was fixed by an agreement entered into on July 29, 1946, for a term of 1 year effective August 1, 1946, but then he corrects it in the following paragraph by stating that the agreement was made August 5, 1946, when his salary was fixed, in accordance with the resolution, at $2,700. On July 29, 1946, when general salaries were raised no mention was made in regard to plaintiff's employment, but in the resolution of August 5, 1946, when there was a reconsideration of salaries of others that were fixed by the meeting of defendant commission on July 29, 1946, plaintiff's salary was fixed at $2,700 per year, the new schedule to take effect as of August 1, 1946.

Plaintiff relies upon this resolution as well as the fact that in 1929 he was originally hired for 1 year and continued from year to year. The question of the period of employment is one of fact as to what was the intent of the parties. When not expressed it must be found from the circumstances of each case. Mere stating of the salary at an annual rate is not sufficient to support a hiring for a period of 1 year, but it is a factor that must be considered with other relevant facts. Inasmuch as the resolution of August 5, 1946, fixed plaintiff's salary by the year, and he had been hired by the year, theretofore, we believe there is sufficient testimony for the jury to come to the conclusion that plaintiff continued to be hired by the year the same as he had been in the resolution of July 8, 1929.

Defendant contends that inasmuch as the contract, according to the first paragraph of plaintiff's declaration, was made July 29, 1946, and was not to end until August 1, 1947, it was not to be performed within one year, it was void under the statute of frauds.[*] The record shows that the resolution adopted August 5, 1946, providing for a new annual salary effective August 1, 1946, was relied on by plaintiff at the trial. The resolution of July 29, 1946, did not provide for plaintiff's salary. Thus the only contract shown by the evidence would be performed within a year and is valid.

Defendant claims, however, that it was a unilateral contract and that there was no agreement on the part of plaintiff to work for a year; that the contract was not mutual and comes within the rule set forth in *Wilkinson* v. *Heavenrich,* 58 Mich 574 (55 Am Rep 708). In *Valentine* v. *King Manfg. Co.,* 260 Mich 601, where the facts slightly differ, we held as follows:

---

[*] CL 1948, § 566.132 (Stat Ann 1947 Cum Supp § 26.922).—Reporter.

"We think the contention of the defendant as just above stated in the opinion of the trial court is not tenable. Plaintiff was present and took part in the directors' meeting at which the quoted resolution was passed. Plaintiff's services for the ensuing year were rendered by him under this resolution for his employment. Under such circumstances defendant's resolution must be construed as an offer to employ plaintiff, and the services subsequently rendered by him and accepted by defendant constitute an acceptance of the offer."

Under the facts of the instant case, we believe that the resolution continuing to hire plaintiff at an annual salary and his hiring in the past by the year or a yearly salary having been paid him in the past and his continuing to work for defendant constitutes an acceptance of the offer. As the jury found there was such a contract and such finding is supported by the evidence, there is no lack of mutuality.

Appellant claims on appeal that the court erred in restricting the cross-examination of plaintiff regarding his income after his discharge and also in improperly refusing to instruct the jury regarding plaintiff's duty to seek other employment. The record, however, shows that plaintiff testified as follows:

"I have worked since I was discharged. I have farmed and I'm a real estate salesman. I have made some money since I was discharged but not very much. Probably I haven't made any money. No one has paid me anything and I haven't sold anything to bring me a commission either.

"*Q.* No money came in at all?

"*A.* Well—

"*Mr. James*: Now I object to that. If money came in off the farm that is immaterial. Money for real estate commissions earned during the day time might

accidentally be admissible but certainly not farm income.

"*The Court*: Objection sustained."

The question objected to was "No money came in at all?" This was too general a question. Plaintiff did some farming, from which he did not realize very much. He, however, was not asked whether he had been regularly employed on the farm. No further questions were asked in regard to employment. We find no reversible error.

Error is claimed on the ground that plaintiff should have filed a written claim before the county board of supervisors as a condition precedent to bringing suit and that upon its disallowance his remedy was to bring suit against the county within 20 days (CL 1948, §§ 46.71, 46.72 [Stat Ann §§ 5.521, 5.522]). This question was not raised in the pleadings or during the trial of the case. The law distinctly provides that the board shall be known as the board of county road commissioners and "by that name may sue and be sued." CL 1948, § 224.9 (Stat Ann § 9.109).

We have examined other questions raised and find not sufficient merit in them so as to require discussion. The improper inclusion of damages to plaintiff's feelings caused by his summary discharge was corrected by the remittitur ordered by the court and accepted by plaintiff. The error was thus cured.

The judgment is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.