**Harry S. SINGH, Plaintiff,**

v.

**CITIES SERVICE OIL COMPANY, Defendant.**

**No. 49881.**

Supreme Court of Oklahoma.

Sept. 28, 1976.

Frank P. Hernandez, Hernandez, Inc., Dallas, Tex., for plaintiff.

Robert N. Price, Tulsa, Rowland Foster, Frederick J. Fowler, Dallas, Tex., for defendant.

HODGES, Vice Chief Justice.

In this case, No. CA3–75–1339–F, which is pending in the United States District Court for the Northern District of Texas, Dallas Division, that court has certified the following question pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.1973 Supp. § 1601 et seq.: Under Oklahoma law, does a hiring at a specified sum "per year" dictate the duration of the employment, or does such language merely connote the rate of compensation for an employment agreement which is otherwise terminable at will?

Harry S. Singh (Singh), plaintiff, brought suit against Cities Service Oil Company (Cities Service), defendant, seeking damages under an alleged contract of employment. Prior to February 10, 1975, and until May 12, 1975, Singh was employed by University Computing Company in the position of assistant analyst. During the same period, he was also employed as an instructor by the University of Texas at Arlington. On December 2, 1974, Singh traveled to Tulsa, Oklahoma, at the expense of Cities Service, to interview for a position with the geophysical research staff. Cities Service sent Singh an application form and transcript release forms to be completed by him and returned to its offices in Tulsa, Oklahoma. By letter dat-

ed February 10, 1975, Cities Service offered to employ Singh as a senior research geophysicist at a starting salary of $24,000.00 per year. After further discussions between Singh and Cities Service, by letter dated March 6, 1975, a subsequent offer of employment at an increased rate of pay was extended. This offer provided for the employment of Singh at a salary of $26,400.00 per year as a research geophysicist.[1]

No mention was made in the offer as to the term of employment. Singh accepted the offer of employment at Cities Service's research laboratory in Tulsa, Oklahoma, in a letter dated March 10, 1975. Cities Service withdrew its March 6, 1975 offer of employment to Singh by letter dated May 9, 1975.

Cities Service has filed a motion for summary judgment contending that under Oklahoma law the contract at issue in this case was terminable at will by either party and, as a matter of law, Singh has no cause of action for termination. Plaintiff argues that the term "per year" connotes payment for a term of not less than one year, while defendant claims that the term contemplates only the rate and not the duration of the contract. Oklahoma law is unclear. In *Foster v. Atlas Life Ins. Co.,* 154 Okl. 30, 6 P.2d 805, 808 (1931) the court said:

> The defendant contends that the written contract is a complete contract in itself, and is a contract at will or at most a contract of monthly hiring, or hiring from month to month. There is a conflict among the authorities as to whether or not a contract of employment which specifies no duration of time, but which merely provides for hiring at a fixed price on some unit basis, per day, per week, per month, or per year is an indefinite hiring, or whether it is a definite hiring for the unit of time so named; some of the authorities hold that a hiring at so much per month is a definite hiring for one month, at the end of which time it can be terminated without liability. There is another line of authorities holding that a hiring at so much per day, per week, per month, which mentions no other unit or duration of time is an indefinite hiring terminable at will. In the case at bar, the defendant did not cancel the contract until after the plaintiff had been working for the defendant for a period of about six months, and it becomes immaterial in this case whether the contract should be construed as one at will, or contract of monthly hiring.

Subsequent Oklahoma decisions have not resolved the two lines of analysis identified in the *Foster* case.

The determination of whether an employment contract is for a definite period of time or for an indefinite period terminable at the will of either party presents a question which is not free from doubt. Although the authorities are numerous, they are sharply conflicting. The minority of jurisdictions adhere to the English doctrine which holds where the duration of the contract is not specified, but where compensation is designated at a rate per day, week, month, or year, it imports an employment for the stipulated period. The other presumption, the more modern American doctrine, repudiates the English doctrine and is the majority rule. It provides unless the circumstances indicate otherwise [2] or in the

---

1. The letter provided in pertinent part:
   "This letter is to confirm our verbal employment offer of $26,400.00 per year as a Research Geophysicist here in our Tulsa Laboratory. As you will recall, this offer is in line with your telephone conversation with Doctor Horn February 28, 1975, and supercedes the offer made to you by letter on February 10, 1975. Please acknowledge your acceptance in writing as soon as possible."

2. *Henkel v. Educational Research Council of America,* 45 Ohio St.2d 249, 344 N.E.2d 118, 119 (1976); *Justice v. Stanley Aviation Corp.,* 35 Colo.App. 1, 530 P.2d 984, 985 (1974); *Hindle v. Morrison Steel Co.,* 92 N.J.Super. 75, 223 A.2d 193, 196 (N.J.App. 1966).

absence of special consideration[3] a contract of employment which provides that the employee shall receive a fixed sum for each day, week, month, or year of service, but makes no provision as to the duration of such service is an indefinite hiring terminable at the will of either party without incurring liability for breach of contract.[4] The fact that an employee enters into a contract which merely specifies a salary proportionate to units of time which are utilized for the purposes of accounting or payment, such as a month or a year, does not, of itself, indicate the parties have agreed the employment is to continue for the stated unit of time. The specification is merely the indicia of the rate at which the salary is earned or is to be paid.

We therefore find, in the absence of facts and circumstances which indicate that an agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but makes no provision as to the duration of the employment, is not a contract for one year, but is terminable at will by either party.

All Justices concur.

---

3. *Henkel v. Educational Research Council of America*, id.; *Matthew v. American Family Mutual Insurance Co.*, 54 Wis.2d 336, 195 N.W.2d 611 (1972); *United Security Life Insurance Co. v. Gregory*, 281 Ala. 264, 201 So.2d 853 (1967); *Speegle v. Board of Fire Underwriters*, 29 Cal.2d 34, 172 P.2d 867, 870 (1946); *Edwards v. Kentucky Utilities Co.*, 286 Ky. 341, 150 S.W.2d 916, 135 A.L.R. 642 (1941); *McKelvy v. Choctaw Cotton Oil Co.*, 52 Okl. 81, 152 P. 414 (1915); *Garza v. United Child Care*, 88 N.M. 30, 536 P.2d 1086 (N.M.App.1975); *Justice v. Stanley Aviation Corp.*, id.; *Russell & Axon v. Handshoe*, 176 So.2d 909 (Fla.App.1965).

4. The most recent cases our research revealed involved two almost identical letters. The courts held unless the circumstances indicate otherwise, a contract which sets forth an annual salary rate but states no definite term of employment is considered to be indefinite employment, terminable at will of either party without incurring liability for breach of contract. In *Henkel v. Educational Research Council of America*, 45 Ohio St.2d 249, 344 N.E.2d 118, 119 (1976) the written offer stated:

"Dr. George Baird, Executive Director of the Educational Research Council of America, has authorized me to offer you a position as Research Assistant in Science, effective April 1, 1969, at an annual salary of $10,800."

In *Justice v. Stanley Aviation Corp.*, 35 Colo.App. 1, 530 P.2d 984, 985 (1974) the letter provided in pertinent part:

"We are pleased to confirm our offer to join Stanley Aviation Corporation as a Maintenance Foreman at a starting annual salary of $12,000 per year."

See also *Boatright v. Steinrite Radio Corp.*, 46 F.2d 385, 390 (10th Cir. 1931); *Thoma v. Wolverine World Wide, Inc.*, 352 F.Supp. 580, 584 (W.D.Pa.1972); *Lowenstein v. President & Fellows of Harvard College*, 319 F.Supp. 1096, 1098 (D.Mass.1970); *Bell v. South Penn Natural Gas Co.*, 135 W.Va. 25, 62 S.E.2d 285, 288 (1950); *Paxson v. Cass County Road Commission*, 325 Mich. 276, 38 N.W.2d 315 (1949); *Saylor v. Marshall & Ilsley Bank*, 224 Wis. 511, 272 N.W. 369 (1937); *Trainer v. Laird*, 320 Pa. 414, 183 A. 40 (1936); *Peacock v. Virginia-Carolina Chemical Co.*, 221 Ala. 680, 130 So. 411, 413 (1930); *Greer v. Arlington Mills Mfg. Co.*, 1 Pennewill 581, 43 A. 609 (Del.1899); *Booth v. National India-Rubber Co.*, 19 R.I. 696, 36 A. 714, 715 (1897); *Martin v. New York Life Insurance Co.*, 148 N.Y. 117, 121, 42 N.E. 416, 417 (1895); *Long v. Arthur Rubloff & Co.*, 27 Ill.App.3d 1013, 327 N.E.2d 346 (1975); *Freeman v. Hardee's Food Systems, Inc.*, 3 N.C.App. 435, 165 S.E.2d 39 (1969); *Garrison v. Lannom Manufacturing Co.*, 55 Tenn.App. 419, 402 S.W.2d 462 (1966); *Hindle v. Morrison Steel Co.*, 92 N.J.Super. 75, 223 A.2d 193, 196 (N.J. App.1966); *Russell & Axon v. Handshoe*, 176 So.2d 909, 914 (Fla.App.1965); Annot., "Duration of contract of hiring which specifies no term, but fixes compensation at a certain amount per day, week, or year," 11 A.L.R. 469 (1921); Supplemented by 100 A.L.R. 834 (1936); 161 A.L.R. 706 (1946).