Sue BRESHEARS, Appellant,

v.

Catherine MOORE, Kay Precure, David Wright, Jack French, Laymond Loyd, Cynthia Emrick, Charles Mayfield, Carolyn Howell, Lynn Coury, Tom Lough, and Board of Directors of the Meadows Center of Opportunity, Inc., Appellees,

and

J. Don Harris, Giles Ratcliffe, Kevin Crank, Pat Donnelly, and Dorothy Marotte, Defendants.

No. 70812.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 6, 1990.

Rehearing Denied March 13, 1990.

Certiorari Denied May 22, 1990.

Ben A. Goff, Oklahoma City, for appellant.

Reggie N. Whitten and Kathy D. Mills, Oklahoma City, for appellees.

## MEMORANDUM OPINION

HANSEN, Judge:

Sue Breshears (Plaintiff/Appellant) was employed by the Meadow Center of Opportunity, Inc. (the Meadows) as the director of the work and activity center. On September 17, 1984, Appellant was given oral notice of termination by the Board of Directors of the Meadows (Defendants/Appellees).

In June, 1984 the Board adopted Rules of Policies and Procedures which required in the termination of an employee that she be (1) provided with a written statement styled "termination order" setting forth and containing the entire grounds for the termination; (2) afforded a hearing.

Appellant filed this action against eleven of the directors of the Board, both individually and in their capacity as directors. She alleged Appellees' actions were done maliciously and for the purpose of destroying her reputation in the community and were therefore tortious. She further alleged Appellees tortiously discharged her without following their own procedures. She claims damages for emotional distress, injury to reputation, reduced earning capacity, cost of medical attention for treatment of the emotional distress inflicted, and punitive damages. She further contends she had an implied contract which was created by the aforementioned policies and procedures. The trial court sustained Appellees' motion for summary judgment. It is from this ruling Plaintiff appeals.

■ The record reflects Appellant did not have a written employment contract with the Meadows and was never told she would be employed for a definite period of time. Thus, she is considered an employee at will. Where a contract of employment is for an indefinite term and does not by its terms fix any period of duration, it is terminable at will by either party, and may be terminated at any time with or without cause. *Singh v. Cities Service Oil Company*, 554 P.2d 1367 (Okla.1976).

■ Appellant contends that employment policies and procedures can create an implied contract even though an at-will contract. In *Hinson v. Cameron*, 742 P.2d 549 (Okla.1987), the Oklahoma Supreme Court disallowed a similar action under plaintiff's implied contract theory holding there was no evidence of an implied contract.

Appellant also contends that by discharging her, Appellees breached the implied covenant of good faith and fair dealing in the employment at-will contract. In *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla.

1989), the Oklahoma Supreme Court rejected this view and held there is no implied covenant of good faith and fair dealing that governs an employer's decision to terminate an employment at-will contract.

*Hinson* clearly refused to imply a good faith duty to terminate solely for good cause into every at-will employment relationship. 742 P.2d at 554. *Burk* went one step further and rejected the implication of an obligation of good faith and fair dealing in every employment-at-will contract. 770 P.2d at 27. Nothing in either of these decisions however, precludes an employer from promising to follow certain procedures before it discharges an employee.

In the present case Appellant in her deposition admits there was no written contract for her employment. It was her understanding that the policies and procedures would serve as a contract which reasonable men could interpret as incorporated into her employment-at-will relationship.

As such, it is unnecessary to *imply* anything. The policies and procedures expressly created a duty on the part of the employer to do certain things before discharging someone, even though Appellees had the right to discharge an employee at any time or for any reason.

The policies and procedures herein are quite different from those in the manual used by the Comanche County Hospital in *Hinson*. In *Hinson* the manual relied on listed examples of some, although not *all* grounds for termination. The Court held:

> In short, the evidentiary materials before us, when assayed by the parameters of prevailing theories for upholding the actionability of an at-will employee's abusive discharge, do not tender any fact issues that support either a contract or tort claim for wrongful severance from employment.

742 P.2d at 557.

Such is not the case here. Appellant alleged Appellees did not follow their own policies and procedures. The policies and procedures, a copy of which Appellant attached to her petition, contained the following procedures:

F. *Procedure for Termination:*

When an employee is terminated by the Meadows she/he will be provided with a copy of a written statement, styled Termination Order, which will set forth and contain the entire grounds for termination.

Without agreeing that the grounds set forth in the Termination Order are true and correct the employee will be asked to read and sign, in the presence of the Administrator or his/her designee, acknowledging that she/he has been provided with a copy of the Termination Order.

The Administrator or his/her designee will then date and sign as a witness that the terminated employee read and was given a copy of the said Termination Order.

*Appeal Procedures*

All non-probationary staff have the right to appeal their evaluation, demotion, failure to obtain promotion, being placed on disciplinary probation or termination. A staff member can request, in writing, an appeal conference with the Administrator which the staff member and Administrator or his designee will attend. Either the staff member of the Administrator may request the attendance of the staff member's supervisor(s) at the appeal conference. Such a conference will be scheduled within five (5) days from the time the request is received by the Administrator.

The Administrator may render a decision on the appeal at the conclusion of the conference or may delay his decision for a maximum of five working days after the appeal conference.

Any staff member who alleges that he has been unfairly terminated, placed on probation, demoted, evaluated or denied a promotion due to discrimination against him based on his age, sex, race, physical disability or religion can go through a special appeal procedure as outlined in the Meadows By–Laws. A copy of the By–Laws can be obtained from the Administrator.

In *Hinson,* Justice Opala made it clear that the hospital's failure to rescind the discharge did not make Hinson's claim for wrongful discharge actionable *unless the hospital was under a legal or contractual duty to hold a pretermination or posttermination inquest into the existence of permissible grounds for her dismissal.* 742 P.2d at 557. (Emphasis supplied.)

Although under *Hinson* and *Burk* the procedures manual is not automatically incorporated into the employer-employee relationship, under the facts and circumstances of this case it certainly may have been. Plaintiff alleges the procedures were not followed.

Plaintiff directs our attention to *Miller v. Independent School District No. 56, etc.,* 609 P.2d 756 (Okla.1980). In that decision a nontenured teacher brought an action claiming her contract was nonrenewed in violation of the Board of Education's General Policies. Those policies provided in the event an employee is not offered a new contract, he shall be notified in writing, giving reasons. The employee shall then have a right to a public hearing before final action by the Board, if he requests such hearing in writing. Therein the trial court granted summary judgment to the school district. The Supreme Court reversed, holding the policy statement was included by implication in the plaintiff's employment contract, and concluded:

> [T]hat appellee Board had the authority delegated to it to in turn create a duty and it did so create a duty on its part as expressed in the above quoted "General Policies" rule to notify appellant of nonrenewal of her contract, giving reason and to grant her a public evidentiary hearing upon her having made written request therefore, prior to final Board action.

■ Herein, although there is no written contract and Appellees were not *statutorily* empowered to create a duty, they nevertheless did impose such a duty on themselves in adopting the policies and procedures, by providing employees with a "termination order" setting forth the entire grounds for the termination and by provid-

ing an opportunity for a hearing. Whether Appellees breached this duty is a question of fact. Additionally, whether Appellant is an "administrator" or a "director" is controverted. If she were an administrator, the policies and procedures might not apply to her. Thus, because there are substantial facts in controversy, the trial court erred in granting Appellees' motion for summary judgment. *See Flanders v. Crane*, 693 P.2d 602 (Okla.1984).

REVERSED and REMANDED WITH DIRECTIONS to enter an order denying summary judgment and to hold a trial on the merits of the above cause.

BAILEY and MacGUIGAN, JJ., concur.