930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
William A. PIPKIN, Plaintiff-Appellant,
v.
The CITY OF MOORE, Oklahoma, a Municipal Corporation, Moore
Public Works Authority, a Public Trust, and Robert
W. Swanagon, individually and as City
Manager of City of Moore,
Defendants-Appellees,
and
Louis Kindrick and Willie Edwards, individually and as
members of Moore City Council, Defendants.
 No. 90-6178.
 United States Court of Appeals, Tenth Circuit.
 April 1, 1991.
 
 Before LOGAN, SETH and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting summary judgment in favor of defendants City of Moore, the Moore Public Works Authority (MPWA), two members of the Moore City Council, and the Moore City Manager. Plaintiff William Pipkin contends the district court erred in granting summary judgment because there are disputed material facts relating to his claims for wrongful termination, nonpayment for services, and unlawful conspiracy. We affirm.
 
 
 3
 We review a district court's grant of a motion for summary judgment under the same standard applied by that court. Burnette v. Dow Chemical Co., 849 F.2d 1269, 1272 (10th Cir.1988). We must determine whether there is a genuine issue of material fact. Id. In answering this question, we view all facts and inferences in the light most favorable to the non-moving party. Id. If we find there is no genuine issue of material fact, we affirm the district court unless it misapplied the law. Osgood v. State Farm Mut. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Our review of legal questions is de novo. Carey v. United States Postal Serv., 812 F.2d 621, 623 (10th Cir.1987).
 
 
 4
 This appeal arose out of plaintiff's termination as the part-time City Attorney and counsel for the Moore Public Works Authority. Plaintiff had been employed by the City for several years. On May 7, 1987, City Manager Robert Swanagon notified plaintiff that the Office of City Attorney was being changed to a full-time job and therefore his services would no longer be required. Although Swanagon invited plaintiff to apply for the new position, he declined to do so. Plaintiff was paid for all legal services rendered to the City up until the date of termination.
 
 
 5
 Plaintiff originally filed this suit seeking recovery pursuant to 42 U.S.C. Sec. 1983 for civil rights violations. He also alleged various state claims, including wrongful termination, nonpayment for services, and unlawful conspiracy. As a result of another determination in this court, plaintiff has now abandoned his section 1983 claims.
 
 
 6
 Oklahoma recognizes the at-will employment doctrine. Unless the parties have agreed otherwise, an employer may terminate an employee at any time without cause. See Singh v. Cities Service Oil Co., 554 P.2d 1367, 1368-69 (Okla.1976). Based on our review of the record, we conclude there is no material question of fact relating to whether plaintiff was an at-will employee. There was no written employment contract between plaintiff and the City. No implied contract right to job security can be inferred from the circumstances of plaintiff's employment. See Hinson v. Cameron, 742 P.2d 549, 554-57 (Okla.1987) (discussion of implied employment contracts). Plaintiff also cannot base his claim for wrongful termination on the public policy exception to the employment at-will doctrine, see id. at 552-53 (outlining parameters of this claim), or the implied covenant of good faith and fair dealing, see id. at 553-54 (refusing to recognize this claim). Because plaintiff was an at-will employee, he has no claim for wrongful termination. Plaintiff also failed to establish Swanagon did not have the authority to terminate him on May 7, 1987. The district court properly entered summary judgment in favor of defendants on this claim.
 
 
 7
 Further, plaintiff failed to present any evidence indicating there was a material issue of fact concerning whether plaintiff and the City entered into a valid contract regarding the payment of fees in relation to bond issues in June and November of 1985. We also conclude plaintiff's claim for payment of fees in relation to the sale of the Moore Municipal Hospital is barred by the statute of frauds, Okla.Stat. tit. 15, Sec. 136. Plaintiff provides two documents he contends satisfy the requirements of the statute of frauds: MPWA's resolution employing Paul Johanning to assist in the preparation of documents associated with this sale and a closing order authorizing payment to Mr. Johanning. Although these documents mention the compensation to be paid to MPWA's General Counsel, they do not detail the essential elements of this alleged contract between plaintiff and MWPA. These writings therefore do not satisfy the statute of frauds. Joseph E. Seagram & Sons, Inc. v. Shaffer, 310 F.2d 688, 674 (10th Cir.1962) (The memoranda or writings must plainly set forth the parties to the contract, the subject matter thereof, the price or consideration, a description of the property, and all of the terms and conditions of the contract, and must leave nothing to rest in parol.), cert. denied, 373 U.S. 948 (1963). Summary judgment was properly entered on these pendant state claims.
 
 
 8
 Finally, there is no evidence in the record to support a claim for unlawful conspiracy to terminate plaintiff among the individual defendants. Plaintiff's assertion that the individual defendants violated the Open Meeting Law in replacing the City Manager does not establish these defendants conspired to achieve an unlawful termination of plaintiff or a lawful termination of plaintiff through unlawful means. See Dill v. Rader, 533 P.2d 650, 652 (Okla.Ct.App.1975). The order of the district court granting summary judgment to defendants is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3