**Raymond Lyall TUCKER, Appellant,**

v.

**ZAPATA INDUSTRIES, INC., Appellee**

No. 77732.

Court of Appeals of Oklahoma, Division 3.

June 23, 1992.

Rehearing Denied Aug. 12, 1992.

Certiorari Denied Jan. 26, 1993.

Tony W. Edwards, McAlester, for appellant.

R. Forney Sandlin, Muskogee, for appellee.

## OPINION

HUNTER, Judge:

Appellant, Tucker, appeals from the trial court's order granting summary judgment to Appellee, Zapata. Tucker is a former Employee of Zapata.

## FACTS

Zapata submitted a written offer of employment, which Tucker accepted on July

24, 1989.[1] Tucker, an Australian citizen, resigned from his employment in Montreal, and moved to Muskogee to accept Zapata's offer. Zapata fired Tucker in June 1990. Tucker then sued Zapata for breach of contract, claiming that Zapata had promised him a term of employment of at least three years.

Tucker claims that whether the parties agreed to a term of employment of not less than three years is a question of fact. Zapata contends that its written offer, and Tucker's acceptance, form an unambiguous contract, which under the terms of 15 O.S. 1991 § 137 may not be varied by parol evidence.

## ISSUE

The sole issue is whether the trial court erred in granting summary judgment. We find that it did err.

1. The offer reads as follows:
This constitutes an offer of employment as the Plant Manager of the Muskogee Oklahoma facility of ZapatA–Industries, Inc. Wage and benefit schedule as follows:
A. Base salary: $65,000
B. Inclusion in Management Incentive Program: Level Three.
C. Health Insurance: Full coverage for you and your family under current plan. No cost to you except for standard deductibles and co-insurance limitations.

### I.

Zapata claims that its written offer and Tucker's acceptance are a complete contract and that, therefore, 15 O.S.1991 § 137 applies. Section 137 states,

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument.

We disagree with Zapata's analysis.

Title 15 O.S. § 137 does not apply here because Zapata's offer is silent as to the duration of employment. Section 137 does not prohibit parol evidence of an additional agreement that is consistent with or serves to explain the written agreement. *Kirkpatrick v. Jacobson's Lifetime Buildings,*

D. Dental & Vision Insurance: Full coverage for you and your family under current plan. No cost to you except for standard deductibles and co-insurance limitations.
E. Group Life Insurance: $50,000 on you ... no cost to you.
F. Accidental Death & Dismemberment Insurance: $200,000 on you; $75,000 on your spouse; $15,000 on each dependent child ... no cost to you.

G. Pension: We will deposit $6,500 annually in the pension vehicle of your choice in either the United States or Australia ... at your direction.

I. Vacation Schedule:

1st through 11th year _____ 3 weeks
12th year on _____ 4 weeks

Note: We will also pay for one round trip to Australia for you and your wife per year ... business class.

J. We will provide you with a one-time $5,000 allowance towards the purchase or lease of a car, at the beginning of your employment.

You will be based in our Muskogee Oklahoma facility. Relocation expenses will be reimbursed under our corporate relocation policy (copy attached) and travel expenses will be reimbursed when submitted and approved through normal corporate channels in accordance with Company policies and procedures.

All of the above job offer is predicated on your ability to obtain the necessary papers to legally work in the United States for a period of at least three (3) years.

OFFERED: s/ Donald G. Rosellini          7/24/89
                DONALD G. ROSELLINI      DATE

ACCEPTED: s/ Ray Tucker          24th July 1989
                RAY TUCKER            DATE

*Inc.*, 467 P.2d 489 (Okl.1970); *Young v. Eaton* 82 Okl. 166, 198 P. 857 (1921); *A.T. & S.F. Ry. Co. v. McCluskey*, 30 Okl. 711, 120 P. 985 (1912). In part II of this opinion we will discuss our reasons for holding that parol evidence is appropriate to show the intention of the parties in this case.

Zapata cites only one case in its brief, *Mercury Investment Co. v. F.W. Woolworth Co.*, 706 P.2d 523 (1985). That case involved a claim by a lessor that defendant, lessee, had breached an *implied* covenant to diligently operate its business. Plaintiff apparently used this theory because the contract was complete and unambiguous. The court held that 15 O.S. § 137 barred parol evidence there because the contract was "complete in itself and ... unambiguous." Here, however, a question remains about what the parties' *actual* intentions were concerning the existence and length of the term of the contract. The Zapata offer does not answer this question. Section 137, therefore, does not bar the use of parol evidence to prove the intention of the parties.

## II.

Ordinarily, courts will construe an employment contract that does not specify a term as terminable at will by either party. Nevertheless, before courts will so hold they will look to the intent of the parties as found from, among other things, their written and oral negotiations. This is particularly true where the employment contract calls for an annual rate of pay or calls for permanent employment. Two comprehensive ALR annotations deal with this problem, The first is Modern Status as to Duration of Employment Where Contract Specifies no Term but Fixes Daily or Longer Compensation, 93 ALR3d 659 (1976).[2] The second is Comment Note—Validity and Duration of Contract Purporting to be for Permanent Employment, 60 ALR3d 226 (1973). The cases collected in these annotations generally hold that facts and circumstances showing the parties' intention that

the employment was not terminable at will are to be considered by the trier of fact.

While Zapata's written offer is evidence of terms of the parties' agreement, nothing in the offer resolves the pivotal issue here: Did Zapata agree that Tucker's employment would be for a minimum of three years?

Two Oklahoma cases, *Singh v. Cities Service Oil Co.*, 554 P.2d 1367, 93 ALR3d 654 (Okl.1976), and *Breshears v. Moore*, 792 P.2d 91 (Okl.App.1990) bear on this issue. Both recognized that facts and circumstances bearing on the issue of the existence of a term of employment in an employment contract should be considered by the trier of fact to decide if the intent of the parties was that the employment contract be for a particular period.

In *Singh, Id.*, plaintiff, Singh, accepted an offer in writing for employment at "$26,400.00 per year as a Research Geophysicist." The offer said nothing else about the term of Singh's employment, nor, apparently, had the parties discussed it. Cities Service withdrew its offer before Singh started to work, and Singh sued. Singh made no claim that Cities Service had agreed to anything beyond the language of its written offer. The court held that the trial court had properly granted summary judgment. Merely specifying the unit of time on which salary is based, held the court,

> ... does not, *of itself,* indicate the parties have agreed the employment is to continue for the stated unit of time ...

We therefore find, *in the absence of facts and circumstances* which indicate that an agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but makes no provision as to the duration of the employment, is not a contract for one year, but is terminable at will by either party. [Emphasis added.]

In *Breshears, Id.*, this court cited *Singh,* and observed that the ex-employee, plain-

---

**2.** This annotation is appended to *Singh v. Cities Service Oil Co.*, 554 P.2d 1367, 93 ALR3d 654 (Okl.1976), discussed later in this opinion.

tiff, "was never told she would be employed for a definite period of time."

As was held in *Singh* and *Breshears*, the Second Restatement of the Law of Agency, Comment b to § 442, says that the specification of an employee's pay in terms of a time unit does not in itself show an agreement for employment. The Restatement adds, however, that a specification of such a time is an evidentiary matter that may be considered with other factors to support a claim that the contract was for a particular term. Some factors to be considered are that (1) the employment is so important that a temporary employment would be unlikely; (2) the employer has notice that the employee has moved to a new location or has otherwise significantly changed his position; (3) the employer or the employee has given consideration beyond a promise to hire or a promise to serve.

*Testard v. Penn–Jersey Auto Stores, Inc.,* 154 F.Supp 160 (D.C.Pa.1956), is factually and procedurally similar to this case. Defendant, employer moved for summary judgment against plaintiff, employee. Defendant had fired plaintiff. Plaintiff was to be paid $10,000 per year as manager of a project for the establishment of several stores. The record showed that (1) plaintiff's employment was very important to both of the parties, and (2) plaintiff had moved both himself and his household goods from Memphis to Philadelphia. The court held that these factors established an inference that plaintiff had been hired for a definite period of employment, and denied defendant's motion for summary judgment.

In *Roxana Petroleum Co. v. Rice,* 109 Okl. 161, 235 P. 502, 505 (1924) Roxana had fired defendants who were lawyers. Defendants proved that they had moved to their detriment in accepting Roxana's job offer by giving up clients and incurring expense. The court held that Roxana was, therefore, prohibited from terminating defendants' services at will.

We find the Restatement of Agency rule and *Testard, Id.* persuasive and adopt their reasoning. *Roxana* supports the applicability of the rule in Oklahoma.

In this record is evidence of most of the factors the Restatement, *Testard,* and *Roxana* say are evidence that a contract of employment was not terminable at will. Zapatta's offer said that Tucker's "Base Salary" would be $65,000, an annual rate. It called for (1) three weeks vacation during the "1st through 11th year," and four weeks vacation from the "12th year on," (2) payment of Tucker's and his wife's air fare for one trip a year to Australia, (3) contribution of $6,500 annually to a pension plan of Tucker's choice, and (4) a one time $5,000 allowance to buy or lease a car. All of these perquisites were consideration additional to Tucker's annual salary. The final paragraph of Zapata's offer provided,

All of the above job offer is predicated on your ability to obtain the necessary papers to legally work in the United States for a period of at least three (3) years.

Tucker moved to his detriment when he quit his job in Montreal and moved to Muskogee. Besides these factors is Tucker's testimony that Zapata agreed to a term of at least three years employment. Whether there was a term of employment agreed to, and, if so, the length of that term is for the trier of fact.

REVERSED and REMANDED with INSTRUCTIONS to grant Tucker a trial on the fact issue of whether his employment by Zapata was for a definite term, and, if so, the length of the term.

HANSEN, V.C.J., and JONES, J. concur.